CHARLES G. BALDWIN, as Assignee, etc., Respondent, *v.* FANNIE M. SHORT et al., Appellants.

When a deed is fraudulent against creditors it is wholly void ; although a portion of the consideration expressed was in fact paid by the grantor it cannot stand as security or indemnity for that portion.

When, however, the fact of such payment appears, it is necessary, to sustain an action to set aside the deed, to prove a fraudulent intent on the part of both the grantor and the grantee.

Evidence of conveyances by the grantor to other persons than the grantee prior to the one in question is competent as bearing upon the intent of the grantor; and they may not be excluded because they do not bear upon the intent of the grantee.

SICKELS — VOL. LXXX.        70

Evidence of declarations of the grantor made before the conveyance are inadmissible against the grantee.

In such an action a portion of the alleged consideration for the transfer was an indebtedness of the grantor to the grantee, which alleged indebtedness plaintiff claimed to be fictitious and falsely concocted by the parties to the deed to make up a full consideration. Evidence of declarations on the part of the grantor, before the conveyance, to the effect that she was not indebted to the grantee were received under objection on the part of the latter. Both the grantor and grantee thereafter, as witnesses, admitted that the alleged indebtedness did not in fact exist. *Held*, that while the testimony was inadmissible against the grantee, the admission rendered its reception harmless; and so, the error was not a ground for reversal.

Reported below, 54 Hun, 473.

(Argued January 27, 1891; decided February 24, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made December 7, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as assignee for the benefit of creditors of the firm of Dow, Short & Co., to set aside a deed executed by the defendant Orinda B. Sperry, a member of said firm, to the defendant Fannie M. Short as fraudulent and void as against creditors.

*Louis Marshall* for appellants. The burden of proof is upon the plaintiff to establish that the defendants have been guilty of the fraud charged in the complaint. (*Schultz* v. *Hoagland*, 85 N. Y. 264 ; *Baird* v. *Mayor*, etc., 96 id. 593 ; *Bishop* v. *Stebbins*, 41 Hun, 296.) Even though Mrs. Sperry and the firm of Dow, Short & Co. were insolvent at the time when the deed was executed, that did not preclude her from conveying her property, provided the conveyance was made for a valuable consideration, whether for money paid at the time or in satisfaction of an antecedent indebtedness or obligation. In either event, she had the right to sell her property or to convey it in payment of her indebtedness. (*Murphy* v.

*Briggs,* 89 N. Y. 446 ; *Seymour* v. *Wilson,* 19 id. 421 ; *A..
E. Bank* v. *Fitch,* 48 Barb. 345 ; *Hale* v. *Stewart,* 7 Hun,
591 ; *Livermore* v. *Northrup,* 44 N. Y. 107.) Whatever
may have been the intention of Mrs. Sperry in conveying to
her daughter the property in question, unless Mrs. Short also
intended to hinder, delay or defraud the creditors of Dow,
Short & Co., and participated in any fraud of which her mother
may have been guilty, the transfers must nevertheless stand and
no court can interfere with the conveyance. (*Dudley* v. *Dan-
forth,* 61 N. Y. 636 ; *Parker* v. *Connor,* 93 id. 118 ; *Murphy*
v. *Briggs,* 89 id. 446 ; *Zoeller* v. *Riley,* 100 id. 162 ; *R. P. Co.*
v. *O'Dougherty,* 36 Hun, 79 ; *Bishop* v. *Stebbins,* 41 id. 246 ;
*Van Wyck* v. *Baker,* 16 Hun, 168 ; *Waterbury* v. *Sturtevant,*
18 Wend. 353 ; *Carpenter* v. *Muren,* 42 Barb. 300 ; *Ruhl* v.
*Phillips,* 48 N. Y. 130.) The contract, whereby Mrs. Sperry
agreed to convey to Mrs. Short the premises in question, made
when she was entirely solvent, founded upon a valuable con-
sideration, acted upon down to the time of the failure of Dow,
Short & Co., and followed by an immediate and continued
change of possession, was one which a court of equity would
have enforced had Mrs. Sperry refused, upon demand, to exe-
cute the deed, now attacked by the plaintiff as her representa-
tive. Such being the case fraud cannot be predicated upon an
act, the performance of which a court of equity would have
enforced. (*Malins* v. *Brown,* 4 N. Y. 403 ; *Lowrie* v. *Tew,*
3 Barb. Ch. 507 ; *Miller* v. *Ball,* 64 N. Y. 286 ; *Winchell* v.
*Winchell,* 100 id. 159 ; *Biglow* v. *Armes,* 108 U. S. 10 ;
*Hale* v. *O. N. Bank,* 49 id. 626 ; *Thornton* v. *S. P. &
C. R. R. Co.,* 45 How. Pr. 416 ; *Smith* v. *Smith,* 51 Hun,
164 ; *Holmes* v. *Winchester,* 133 Mass. 140 ; *Todd* v. *Taft,*
7 Allen, 371 ; *Duncuft* v. *Albrecht,* 12 Sim. 189 ; *Cheale*
v. *Kenward,* DeG. & J. 27 ; Story's Eq. Juris. §§ 789–
791, 1038, 1228, 1229, 1411 ; *A. N. Bank* v. *Tavener,* 140
Mass. 407 ; *In re McKay,* 1 Lowell, 346 ; *In re Griffiths,* Id.
431 ; *Hauselt* v. *Harrison,* 105 U. S. 401 ; *Audenried* v. *Bet-
teley,* 5 Allen, 382 ; *Nickerson* v. *Baker,* 6 id. 142 ; *W. Bank*
v. *Webb,* 39 N. Y. 325 ; *Gerwig* v. *Sitterly,* 56 id. 214 ; *Norton*

v. *Mallory*, 63 id. 434.) The conveyance should in any event be sustained in this action to the extent of the consideration found by the court to have passed from the grantee to the grantor. (*Pond* v. *Comstock*, 20 Hun, 592; 87 N. Y. 627; *Van Wyck* v. *Baker*, 16 Hun, 168; *Boyd* v. *Dunlap*, 1 Johns. Ch. 478; *Bigelow* v. *Ayrault*, 46 Barb. 143; Bump on Fraud. Convey. 554; *Taylor* v. *Bange*, 1 Hun, 319.) It was error to permit evidence to be given against Mrs. Short of declarations made by Mrs. Sperry prior to the execution of the deed. (*Paige* v. *Cagwin*, 7 Hill, 361; *Brown* v. *Mailler*, 12 N. Y. 118; *Foote* v. *Beecher*, 78 id. 157; *Van Gelder* v. *Van Gelder*, 81 id. 625; *Walker* v. *Henry*, 85 id. 130; *Tabor* v. *Van Tassel*, 86 id. 642; *Clews* v. *Kehr*, 90 id. 633; *Bullis* v. *Montgomery*, 50 id. 352; *Vidvard* v. *Powers*, 34 Hun, 221; *Von Sachs* v. *Kretz*, 72 N. Y. 548; *Flagler* v. *Wheeler*, 40 Hun, 125–178; *Bush* v. *Roberts*, 111 N. Y. 268.) It was error to permit the witness Larkin to testify that he deposited money in the bank of Dow, Short & Co. in reliance upon the ownership of Mrs. Sperry of the property in question. (*T. B. Co.* v. *Duncan*, 86 N. Y. 221.)

*Martin A. Knapp* and *Charles G. Baldwin* for respondent. The facts proved bring this case within the principles which the courts have laid down in construing and enforcing the statute against fraudulent conveyance. (*Beardsley* v. *Duntley*, 69 N. Y. 581; *Cole* v. *Tyler*, 65 id. 73–77; *Savage* v. *Murphy*, 34 id. 507; *Davis* v. *Leopold*, 87 id. 620; *Billings* v. *Russell*, 101 id. 226.) The findings of the trial court, both as to inadequacy of consideration and fraudulent intent, are conclusive upon this appeal and sustain the judgment of the Supreme Court. (*Billings* v. *Russell*, 101 N. Y. 226; *Boyd* v. *Dunlap*, 1 Johns. Ch. 478; *Davis* v. *Leopold*, 87 N. Y. 620; *Russell* v. *Winne*, 37 id. 591; *Hyslop* v. *Clarke*, 14 Johns. 458; *Swift* v. *Hart*, 35 Hun, 128; *Dewey* v. *Moyer*, 72 N. Y. 70.)

FINCH, J. The findings of fact in this case establish that the conveyance of the house and lot to Mrs. Short by Mrs.

Sperry was made and accepted with an intent on the part of
both grantee and grantor to hinder, delay and defraud the
creditors of the latter.    The conveyance was not voluntary,
for it was made in part in consideration of a debt of about
$8,000, which the findings show was an honest debt, and justly
due to the grantee from the grantor.    The conclusion of a
fraudulent intent on the part of Mrs. Short was, therefore,
essential to a recovery, and was established by proof that the
balance of the consideration for the transfer was made up of
a false and pretended debt for board and washing, which was
wholly fictitious and never in fact existed, and which both
parties to the transaction falsely concocted to make up a full
and fair consideration for the conveyance.    The existence or
the falsity of that indebtedness was, therefore, an essential
and vital element in the controversy, and the appellants claim
that, in the effort to show it to have been a fabrication, evi-
dence was admitted against Mrs. Short of declarations made
by Mrs. Sperry at a period preceding the conveyance, which
bore directly upon the validity of the disputed debt, and were
inadmissible as against Mrs. Short.

Mrs. Parker, a witness for the plaintiff, was permitted to
testify that just prior to the assignment she had a conversa-
tion with Mrs. Sperry in the absence of Mrs. Short, in the
course of which Mrs. Sperry said : " I think I shall sell this
house ; it costs so much to keep it up just for Mary's and my
board."    The defendants had asserted that such board was an
honest debt due to Mrs. Short from her mother, and the plain-
tiff, that it was paid and extinguished as it accrued by the rent
of the house, and that by agreement the board was to be fur-
nished in exchange for the rent which would otherwise have
been due from Mrs. Short on account of her occupation.    The
declaration sworn to by Mrs. Parker tended to show the truth
of plaintiff's contention, but was made in the absence of Mrs.
Short, constituted no part of the *res gestæ*, and was inadmissible
as against the grantee, in whose behalf the objection was made.
But it is a conclusive answer to this allegation of error that
Mrs. Short herself, when examined as a witness, admitted all

and more than what the objectionable evidence tended to prove. She acknowledged that during her occupation of the house her mother paid all the taxes and insurance, and almost all the charges for repairs, and further testified : " I don't remember saying to Mrs. Sherwood that I boarded my mother and Mary for the rent of the house, did their washing : that while I thought a great deal of my sister, I thought it·was hard I should pay the rent and that my sister should receive it : I would not say I didn't : I don't remember : I don't know when I said it : that was the arrangement under which I was in the house." She said again, at a later period of her examination : " I had loaned my mother this money : I boarded her and my sister, and did their washing for this house ; for the rent of the house ; * * * I was not to pay any rent only in that way ; only to board them in that way and do their washing, that was to pay my rent, and that arrangement continued down to the time I received my deed." Of course, these admissions made the declarations to Mrs. Parker wholly superfluous and immaterial.

Mrs. Parker was also permitted to narrate other declarations of Mrs. Sperry made prior to the conveyance under objection. These were, in substance, that it was preposterous to suggest that she should make presents to her daughters because they took care of her when she was sick ; that they only did their duty. In answer to the objection interposed in behalf of Mrs. Short the court held the declarations not competent, but, to accommodate the witness, allowed them to be detailed, conditioned upon their being stricken out if not made competent. In the further progress of the trial both Mrs. Short and Mrs. Sperry testified to the transfer to the former by the latter of some "ranch stock " a few months before the assignment, and added that it was done as remuneration for the services rendered during Mrs. Sperry's sickness. The declarations sworn to by the witness tended to show that the mother did not regard the services of her daughters during her illness as constituting a debt which she was in any manner bound to repay, and that is the sole element of value in the proof. But

exactly that Mrs. Short herself finally admitted. She said expressly that for her services in the illness referred to she neither asked nor expected any pay; that the transfer of the ranch stock was a present; that it was given to her,'and so constituted a gift rather than a purchase. If it be still suggested that the declaration proved showed an existing unwillingness to make her a present, the fact was both immaterial and harmless, for the admitted delay of at least eight years shows the same thing much more forcibly and leaves no doubt about the suggested lack of inclination.

But another class of evidence was received under objection. The plaintiff proved several instances of transfers of property by Mrs. Sperry to persons other than Mrs. Short prior to the conveyance to the latter, and it was objected, in her behalf, that she could not be affected by transactions to which she was not a party and of which she had no knowledge. But the plaintiff was bound to prove the fraudulent intent of Mrs. Sperry, both as against herself and as against Mrs. Short, and as against the latter by evidence competent as against her. The acts and transfers of Mrs. Sperry pertinent to the question of her intent were admissible against both to establish that intent, and are not to be excluded because they do not also bear upon the intent of Mrs. Short. It is not necessary that the same fact offered in evidence should tend to establish both intents. If it proved Mrs. Sperry's alone, but was a kind of evidence competent against Mrs. Short, no error would follow its admission. It would tend to prove one branch of the issue, leaving the other to be met in some different way.

There are some other objections to evidence, but of so little importance as not to justify discussion. They related principally to the declarations of Mrs. Sperry on the day of the assignment and conveyance and pending the preparation of those instruments, and were either within the *res gestæ*, or wholly immaterial in view of the ultimate course of the trial.

The contention that the conveyance to Mrs. Short may be sustained to the extent of the adequate and honest part of the consideration, is fully answered by the authorities which hold

that where the deed is fraudulent against creditors, it is wholly void and cannot stand to any extent as security or indemnity. (*Boyd* v. *Dunlap*, 1 Johns. Ch. 478; *Dewey* v. *Moyer*, 72 N. Y. 70; *Billings* v. *Russell*, 101 id. 226.) A different rule would put a premium upon fraud. Almost invariably some honest consideration is made the agency for floating a scheme of fraud against creditors, and if that may always be saved, nothing is lost by the effort and the temptation to venture it is increased. We are thus unable to find in the record any error which will justify a reversal. Indeed, since the ground of recovery against the defendants rests almost wholly upon the single fact of a false and fraudulent consideration, fabricated by the joint act of both grantor and grantee, and distinctly admitted by each to have been without an honest foundation, the questions of evidence raised can hardly be said to have affected the ultimate result.

The judgment should be affirmed with costs.

All concur, except RUGER, Ch. J., and ANDREWS, J., not voting.

Judgment affirmed.