WILLIAM W. CONDE and Others, Respondents, v. JEANETTE C. HALL and ZELL R. HALL, Appellants.

*Fraudulent conveyance — it cannot stand as security for advances made — satisfaction given on the compromise of a judgment against a trustee of a manufacturing company — effect thereof on a judgment against a stockholder.*

Where a deed is given and taken, with intent to hinder, delay and defraud creditors, it is wholly void and cannot stand as security for advances made or to be made upon the faith of it.

Creditors of a manufacturing corporation, organized under the General Manufacturing Act (Laws of 1848, chap. 40), recovered judgments against a person named Munson, who was a trustee of such corporation, upon the ground that he had made a false report as to the condition of the corporation. These judgments were compromised and satisfied. The same creditors also recovered judgments against one Zell R. Hall, a stockholder of such corporation, upon the ground that the whole amount of the capital stock of such corporation had not been paid in.

*Held*, that the satisfaction of the judgments against Munson did not satisfy the judgments against Hall, but that the latter was entitled to have the amount which the plaintiffs realized upon the compromise made with Munson applied upon the judgments recovered against him;

That as the defendants claimed the benefit of the recorded satisfaction pieces of the Munson judgments the plaintiffs had a right to show the circumstances of that transaction, and in that connection were entitled to prove a letter from Munson upon the subject of the compromise.

APPEAL by the defendants, Jeanette C. Hall and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Jefferson on the 14th day of June, 1895, upon the decision of the court rendered after a trial at the Jefferson Special Term.

*Lansing, Lansing & Jones,* for the appellants.

*Elon R. Brown,* and *Rogers & Atwell,* for the respondents.

MERWIN, J. :

In this action the plaintiffs, as judgment creditors of the defendant Zell R. Hall, whose respective judgments were based upon liabilities existing prior to February, 1892, sought to set aside, as fraudulent and void as to creditors, a conveyance of real estate made by said defendant to the defendant Jeanette C. Hall, and bearing date February 25, 1892. The main issue at the trial was whether the deed was made and received with an intent to hinder, delay and defraud the creditors of Zell R. Hall. It was found by the court that such was the intent of the debtor, and that the grantee received the deed with the knowledge of such intent and for the purpose of aiding and co-operating with the debtor in the execution of such intent. A careful consideration of the evidence leads us to the conclusion that the evidence is sufficient to sustain these findings, and that there is no sufficient reason apparent for this court to disturb them. The appellants claim that the deed was given as security for advances made or to be made. Under the findings above referred to, the deed cannot stand as security. (*Baldwin* v. *Short,* 125 N. Y. 553.)

The defendants claimed at the trial, and do here, that the plaintiffs' debts and judgments have been paid. The plaintiffs were creditors of the Gifford Manufacturing Company, a manufacturing corporation organized under chapter 40 of the Laws of 1848. Zell R. Hall was a stockholder in that company, and the judgments recovered by the plaintiffs against him were based on his liability as a stockholder in case the whole amount of the capital stock had not been paid in. (§ 10, chap. 40 of the Laws of 1848.) One Munson was a trustee of the corporation, and the plaintiffs also recovered judgments against him for the amount of their debts upon his liability under section 15 of the act of 1848 for making a false report as trustee. The judgments against Munson were afterwards compromised, and were satisfied by the filing of satisfaction pieces in the usual form. The Special Term applied upon the judgments against Hall the amounts realized by the plaintiffs on the compromise with Munson, and declined to hold that the satisfaction of the Munson judgments

operated to satisfy the Hall judgments. No payment in any other way is claimed. This question of payment is fully discussed by Mr. Justice VANN* in the opinion delivered by him at Special Term, and it need not here be further considered. We agree with the

---

* The following is the opinion delivered at Special Term.

VANN, J.:

I have found as a fact that the defendant Zell R. Hall, on the 25th of February, 1892, conveyed his interest in the Doolittle & Hall Block, situate in the city of Watertown to his mother, Jeanette C. Hall, with the intention of keeping the same from his creditors and securing to himself the beneficial enjoyment thereof, and that she accepted the conveyance for the purpose of co-operating with him and aiding him in carrying such intention into effect. It is the not unusual case of a man who, apprehending that a large and, in his view, unjust claim was about to be enforced against him, endeavors, by conveying to a relative whom he can trust implicitly, to place his property beyond the reach of creditors, and yet to continue to enjoy it himself. This the law does not tolerate, for the courts cannot classify their judgments, or hold that one is more sacred than another. The effort to avoid the payment of a judgment that is harsh in its effects, when enforced, as in the case of one recovered for a penalty, or against a surety, is just as fraudulent in the eye of the law as if directed against a claim for groceries, clothing or borrowed money. The law does not distinguish between debts, by looking at their origin any further than to see that they are valid, but lends its aid to collect all alike from the property of the debtor, and any effort on his part to so dispose of his property as to hinder, delay or prevent his creditors from reaching it is forbidden by statute, and condemned by the common law. The conveyance in question, therefore, although given to avoid the payment of what was regarded as an inequitable liability, must be set aside, unless the judgments upon which this action is founded have been paid, as alleged in the answer.

The judgments in question against Zell R. Hall were recovered in an omnibus, action, and are evidenced by the same judgment roll as certain other judgments for different amounts recovered at the same time and by the same plaintiffs against one Henry S. Munson. Before the commencement of this action the judgments against Mr. Munson were satisfied by the filing of satisfaction pieces in the usual form, and the claim of payment is founded on the common-law rule that if two persons are jointly or jointly and severally liable for the same debt, an unconditional release of one releases the other also. (*Lord* v. *Tiffany*, 98 N. Y. 412; *Breslin* v. *Peck*, 38 Hun, 623.)

The judgments against Mr. Munson were not paid in full, but were compromised at about fifty cents on the dollar. They were founded upon the penal liability imposed by section 15 of the General Manufacturing Act of 1848, for making a false report as a trustee of an insolvent corporation known as the Gifford Manufacturing Company. (Laws of 1848, chap. 40, § 15; *Veeder* v. *Baker*, 83 N. Y. 156.)

The judgments against Mr. Hall were founded on a liability contractual in its nature, imposed by section 10 of the same act, upon a stockholder holding stock

Special Term that the compromise and satisfaction of the Munson judgments did not satisfy the Hall judgments, and that Hall received all he was entitled to, when the court applied on the judgments against him the proceeds of the compromise with Munson. (See *Whittemore* v. *J. L. & S. O. Co.*, 124 N. Y. 565.)

in such a corporation, when the whole amount of the capital stock has not been paid in. (*Corning* v. *McCullough*, 1 N. Y. 47; *Flash* v. *Conn*, 109 U. S. 371.)

The measure of damages is not the same under both of said sections, as under section 15 it embraces all the debts of the corporation, while under section 10 only debts to the amount of the stock held by each stockholder can be enforced against him. While payment of all the debts of the corporation would relieve from liability under either section, the debts owing to the plaintiffs by said company were not compromised, but only their claims against Mr. Munson for the statutory liability under section 15. Although the existence of a debt against the corporation was necessary in order to make either Mr. Hall or Mr. Munson liable, neither was under the same liability, either in nature or extent, as the other, for one was held liable as a stockholder and the other as a trustee. They were not jointly or severally liable for the same thing. They could have been sued separately, but if sued jointly, under one section only, there could have been a recovery against one only. As was said by the Court of Appeals in *Farnsworth* v. *Wood* (91 N. Y. 308, 314), "the liability of stockholders under the act of 1848 is a several individual liability of each stockholder, directly to such of the creditors as have complied with the requisite conditions precedent."

Section 15 makes all the officers of a corporation, who knowingly sign a false report, liable *jointly and severally* for all the debts of the company contracted while they are stockholders or officers thereof. As there was no recovery against Mr. Hall under this section, he is not liable jointly and severally with Mr. Munson on the judgments recovered against the latter thereunder.

Section 10 makes all the stockholders of a corporation *severally* liable to the amount of the stock held by each until all the capital is paid in. Mr. Munson was not, while Mr. Hall was, held liable under this section. The liability of each, therefore, was several, personal and exclusive. Neither had any legal interest in the liability of the other, and the release of one did not release the other. The release of Mr. Munson did not release Mr. Hall, but, while this is true, it is also true that the amount paid by Mr. Munson to the plaintiffs in order to obtain his discharge must be applied on their respective debts against the corporation, and the remainder only, with costs, if any, can be enforced against Mr. Hall. It is the indebtedness of the corporation to the respective plaintiffs that is the measure of liability under the statute, and as that indebtedness is reduced the liability is reduced in proportion. The distinction between the cause of liability and the measure of liability should not be lost sight of. The cause of liability is a violation of the statute, but the measure of liability is the indebtedness of the corporation, with certain limitations.

There must be judgment for the plaintiffs, upon the basis thus pointed out, and findings and a decree may be prepared accordingly, and if not agreed upon as to form, they may be settled before me upon a notice of two days.

The defendants claim error was committed in receiving· in evidence a letter from Munson on the subject of the compromise.     The defendants claimed the benefit of the satisfaction pieces on record of the Munson judgments.     The plaintiffs had a right to show the circumstances under which they were given and the arrangement in fact made with Munson.     The letter was a part of the transaction that resulted in the compromise and satisfaction, and on that ground was properly received.

The judgment must, we think, be sustained.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.