WOODS et al. v. VAN BRUNT et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

FRAUDULENT CONVEYANCES—SECURITY FOR BONA FIDE DEBTS.

Where it is fairly established that a conveyance was executed with intent to defraud the grantor's creditors, it will not be allowed to stand as security for a bona fide indebtedness of the grantor to the grantee.

Appeal from city court of Brooklyn, special term.

Action by John L. Woods and others against Lizzie M. Van Brunt, impleaded with Charlotte C. Van Brunt, to set aside a conveyance from Charlotte C. Van Brunt to Lizzie M. Van Brunt, made with intent to hinder, delay, and defraud creditors. From a judgment in favor of plaintiffs, defendant Lizzie M. Van Brunt appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Lemuel Skidmore, for appellant.
Thomas C. Ennever, for respondents.

PER CURIAM. There are mainly questions of fact in this case, and the evidence sustains the conclusion of the trial court that the conveyance to Lizzie M. Van Brunt was made and accepted with intent to hinder, delay, and defraud the creditors of Charlotte C. Van Brunt. The alleged consideration seems to have been greatly exaggerated. It is extremely doubtful whether the charge for board was legally enforceable, if, indeed, it was not an after-thought. No particulars are given by Lizzie M. Van Brunt as to the circumstances or agreement under which she paid the $975 which she says she gave to her mother-in-law in 1893 and 1894. On the whole case, we are not satisfied that, at the time she received the deed, Lizzie M. Van Brunt's legal claims against her husband's mother exceeded the $730.31 which she had paid out in order to effect a renewal of the mortgage on the property in controversy, and to pay interest and back taxes thereon. This amount, however, appears to have been justly due her. If she had not advanced it, the mortgage would probably have been foreclosed, and the property would have passed beyond the possible reach of the plaintiffs. She can hardly have repaid herself out of the rents, for these seem to have been applied to repairs, interest on the mortgage, assessments, and other expenses on the houses. It is urged in her behalf that these considerations bring the case into that class of cases in which the court, in the exercise of its equity jurisdiction, may properly give effect to the transfer so far as to make it security for the actual indebtedness proved. Such a course has sometimes been taken where the proof of fraud was not clear and satisfactory. Boyd. v. Dunlap, 1 Johns. Ch. 478; Friedman v. Hirsch (Sup.) 18 N. Y. Supp. 85. It cannot be applied, however, in a case like this, where the fraudulent purpose of the grantor and grantee is abundantly established. Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928. As was said by Finch, J., in the case cited:

"A different rule would put a premium upon fraud. Almost invariably some honest consideration is made the agency for floating a scheme of fraud against creditors, and, if that may always be saved, nothing is lost by the effort, and the temptation to venture it is increased."

So far as there is anything opposed to this view in Clift v. Moses, 75 Hun, 517, 27 N. Y. Supp. 728, it cannot be deemed authority.

The judgment must be affirmed, with costs.