WEISER v. WEISER et al.

(Supreme Court, Special Term, New York County. June, 1898.)

1. FRAUDULENT CONVEYANCE—RIGHTS OF GRANTEE.
     A fraudulent transferee cannot recover for advances which were the consideration of the fraudulent transfer.

2. SUBROGATION.
     One advancing money to pay off incumbrances took a conveyance of the property, reciting that it was subject to mortgages of a certain sum which represented the unpaid balances on them, and he afterwards paid off the junior mortgage, and took a satisfaction piece. Held, that he was not subrogated to the rights of the junior mortgage, but relied on the conveyance for his security.

3. RES JUDICATA.
     Where, in a suit to set aside a transfer as fraudulent, the transferee made no claim for incumbrances, interest, or taxes paid by him after the transfer, the decree against him is conclusive, and he cannot afterwards seek affirmative relief for such payments.

4. FRAUDULENT CONVEYANCE.
    Interest paid on a senior mortgage by one decreed to be a fraudulent transferee of the property cannot be recovered by him in a suit to foreclose a junior mortgage.

Action by one Weiser against Rebecca Weiser and Philip Kling. Judgment for defendant Kling.

Platzek, Strook & Herzog, for plaintiff.
Abram Kling, for defendants.

DALY, J.   This action is to foreclose a mortgage of $5,500, made April 5, 1892, by Rebecca Weiser and another to one Banned Friend, being a second mortgage upon premises No. 206 Forsyth street.   This plaintiff, Weiser, who is the stepson of Mrs. Weiser, the mortgagor, advanced $2,900 to pay off installments falling due upon the mortgage, besides other sums, and on October 5, 1895, took from his stepmother a conveyance of the property to repay such advances.   After going into possession, he paid off the balance due upon the mortgage, and received a satisfaction piece on December 1, 1896.   Subsequently the conveyance to him was set aside at the suit of a judgment creditor of Mrs. Weiser, on the ground that it was fraudulent as against her creditors.   A decree to that effect was entered February 28, 1897, directing a sale of the property to satisfy the claim of the judgment creditor; and Philip Kling, defendant herein, became the purchaser at said sale, which was held on April 26, 1897.   After that sale, and on July 9, 1897, the fraudulent transferee commenced an action to have himself declared assignee of the mortgage, and obtained a decree on November 5, 1897, to that effect, against the mortgagee, Friend, the only other party to that action.   This foreclosure was then instituted by the said assignee, and the question raised by the defense interposed by the present owner of the premises, the purchaser under the judgment creditor's decree, is whether the mortgage can now be enforced against the property.   This foreclosure is, in effect, an attempt by a fraudulent transferee of property to obtain a preference over the lien of the judgment creditor—First, for advances which were the consideration of the fraudulent transfer; and, second, for advances while he was in possession, to reduce incumbrances upon the property.   Under certain circumstances, he may be allowed for the latter; but there is no way in which he can establish a claim for any part of the consideration for the fraudulent transfer.   Boyd v. Dunlap, 1 Johns. Ch. 479; Sands v. Codwise, 4 Johns. 537; Wood v. Van Brunt, 6 App. Div. 220, 39 N. Y. Supp. 896; Baldwin v. Short, 125 N. Y. 553, 26 N. E. 928; Davis v. Leopold, 87 N. Y. 620; Guggenheimer v. Angevine, 81 N. Y. 394.

The plaintiff testifies that his original advances before he took the conveyance were made upon the agreement that he was to hold the mortgage as security; but it is clear that the subsequent and substituted agreement was that he was to be secured by the conveyance. This is proven by the fact that the deed recites that it was subject to $21,000 of mortgages, which represented $18,500 of first mortgage and $2,500 balance due on the second mortgage, showing that the Friend

mortgage was not regarded as outstanding except for that balance, and by the fact that, when the balance was paid off, a satisfaction piece was taken. The subsequent claim of an assignment of the mortgage was clearly an afterthought. The conveyance was the only security the plaintiff took for his advances, and, that having been adjudged void, he has no lien upon the property for such advances. The question whether he can enforce the mortgage to the extent of the advances made after he went into possession is to be determined upon another principle. It has been held that a fraudulent transferee, if called upon to account in a court of equity for profits while in possession, may claim an allowance for incumbrances and taxes paid, as a set-off against the rents with which he is charged. Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. 392. It is also said in that case that if he "were so situated that he was obliged to come into a court of equity, and ask for affirmative relief that these claims be enforced against the property or paid out of it, then the court might leave him entangled in the toil which he himself had woven,—the victim of his own fraudulent acts." The plaintiff is in that position, asking for affirmative relief, and he was not even obliged to take that course; for, under the just and equitable rule laid down in the case cited, he could have had all that he was fairly entitled to in the judgment creditor's action if he had been called upon to account for the rents and profits, or if he had offered to account therein. He would then have been allowed the balance paid on the mortgage as a set-off, and there would have been no need to take an assignment and seek affirmative relief by foreclosure. Exact justice could have been done upon such an accounting. But no accounting was demanded of him in that action, and he did not ask reimbursement for his outlays. The reason seems plain enough. He was in possession from October 5, 1895, to February 23, 1897, the date of the appointment of a receiver in the action, and the record shows that the rents during that period far exceeded the sums paid on the mortgage. He did not seek to have his outlays allowed, probably because he preferred not to account for the rents. But that was the time for him to make his claim, and, not having chosen to do so, he cannot now seek affirmative relief against the judgment creditor, nor against the purchaser at the sale under the judgment creditor's decree; for the purchaser must necessarily be held to succeed by privity to all rights, legal and equitable, of the judgment creditor, otherwise the latter's security by his decree and sale would be ineffectual. That decree is a bar to this attempted foreclosure. It settled the equities between this plaintiff and the judgment creditor. All that is in issue here could have been litigated in the latter's action; and his judgment is conclusive, not only as to matters actually litigated, but as to all which might have been litigated between him and this plaintiff. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367; Jordan v. Van Epps, 85 N. Y. 427. That judgment determined, in effect, that the property should be sold free of any lien by reason of the mortgage under consideration, or of advances made by this plaintiff thereon; and that determination is conclusive against a recovery by the plaintiff in this action. The considerations here expressed dispose of the plaintiff's claim for reimbursement for interest paid on

the first mortgage and for taxes. If he were entitled to enforce the second mortgage as assignee, he would be entitled to recover for the sums so expended; but these allowances should have been asked for in the judgment creditor's action, together with the sums paid on the second mortgage, and the claim for them does not survive that litigation. Interest paid on the first mortgage after the decree in that suit is not recoverable in this action.

Judgment for defendant Kling, with costs.