BROGAN v. HANAN et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. LANDLORD AND TENANT—UNGUARDED STAIRWAY—INJURIES—JOINT LIABILITY.
   Plaintiff's intestate fell down a stairway leading from a public street to a basement leased to defendants by the owner of the premises, who remained in possession of part of the building. The accident was due to the failure to protect the stairway by a gate or chains, or a light over the steps, as required by an ordinance, and it was shown that these safeguards had never been set up. Held, that defendants and their lessor were liable as joint tort feasors.

2. SAME—RELEASE—EFFECT.
   A release of the lessor from all liability for the injury discharged defendants, though there was a reservation in the release of a right of action against them.

3. SAME—COVENANT TO REPAIR—RIGHTS OF STRANGERS.
   The covenant of a lessee to repair does not inure to the benefit of a stranger who is injured through a breach of the covenant.

Appeal from trial term, Kings county.

Action by Johanna Brogan, as administratrix, against John H. Hanan and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Willis B. Dowd, for appellant.
Jesse W. Johnson, for respondents.

JENKS, J. This action is brought to recover damages for the death of plaintiff's intestate, caused by the negligence of the defendants. It is alleged that in the nighttime the intestate fell to his death down the steps of an entrance to the basement of premises in the city of New York. At that time the premises were owned by Duncan, who had leased the store and basement to defendants, who in turn had leased the basement to Abramson. The plaintiff complained that the defendants negligently and unlawfully failed to protect the entrance by gates or by chains, or by a "burning light over the steps," as required by an ordinance. The defend-

ants pleaded, inter alia, that the plaintiff had released, under seal, Duncan from all liability. The general release of Duncan was read in evidence. The plaintiff reserved therein all rights of action and claim for damages for negligently causing the death of plaintiff's intestate, against the defendants and all other persons in control of the premises. I am of opinion that this release is a bar for the defendants, because they are joint tort feasors with Duncan. Mitchell v. Allen, 25 Hun, 543; Gross v. Railroad Co., 65 Hun, 192, 20 N. Y. Supp. 28; Lord v. Tiffany, 98 N. Y. 412; Woods v. Pangburn, 75 N. Y. 498; Livingston v. Bishop, 1 Johns. 290; Breslin v. Peck, 38 Hun, 623; Barrett v. Railroad Co., 45 N. Y. 628, 635; Cooley, Torts, 161; Hurley v. Brewing Co., 13 App. Div. 167, 43 N. Y. Supp. 259. The learned counsel for the appellant contends that Duncan and the defendants were not joint tort feasors. The injury was due to the neglect to provide a gate or chains or a light. There is evidence to justify the conclusion that these safeguards had never been set up. The liability of Duncan would be based upon the facts that he remained the owner, and was in the possession of a part of the building. Trustees v. Foster, 156 N. Y. 354, 50 N. E. 971. The liability of the defendants would be based upon the fact that the omission of safeguards when they came into occupancy continued in connection with their acts, and that such continuance was, so to speak, a ratification of such omission. Shear. & R. Neg. § 712. The covenant of the lessee to repair, even if construed to extend to this defect, did not inure to the benefit of the plaintiff. Odell v. Solomon, 99 N. Y. 635, 1 N. E. 408. In the very case that the learned counsel for the appellant cites to sustain this action (Davenport v. Ruckman, 37 N. Y. 568), the court say of Ruckman (page 574):

"He was the owner of the house, and had allowed the cellarway to become and to remain in a dangerous condition. He had recently sublet the premises to one Lamb, who entered into possession a few days before the trial. It was in a dangerous condition when he put his tenant in possession. This did not operate to relieve the defendant from his liability. It simply added another party to the negligence."

In Gross v. Railroad Co., supra, an engineer of C. Railroad Company was injured by a collision with an engine of P. Company which had been allowed upon the tracks of C. Company. He recovered against P. Company on account of the failure to flag his engine, and also sued C. Company for negligence in permitting the engine of P. Company to enter its tracks at the time. Cullen, J., said:

"Though the negligence of the two companies consisted of wholly distinct acts, still the injury and tort which constituted the plaintiff's cause of action was single. He could not have recovered part of his damages from one company and part from the other, because the whole injury proceeded from the combined negligence of both, not part from the negligence of each. It was therefore a clear case of a joint tort, and a satisfaction by one tort feasor discharged the plaintiff's claim against the other."

Duncan and the defendants are jointly interested, in that the damages would not be divisible; for there can be but one verdict, and for one amount. Beal v. Finch, 11 N. Y. 129, 135. The reason of the rule is the receipt of satisfaction or its equivalent in the eye

of the law, and it matters not what may be the form thereof, so long as the fact is established. Therefore the rule is the same, though the plaintiff voluntarily accepted satisfaction. Cooley, Torts, 140; Mitchell v. Allen, supra; Barrett v. Railroad Co., supra. Nor is the principle shaken by the fact of the reservation in the release of the right of action against these defendants. Mitchell v. Allen, supra; Baker v. Johns, 38 Hun, 625, and authorities cited; Cooley, Torts, 140, and authorities cited.

The judgment should be affirmed, with costs. All concur.