### WALSH v. HANAN et al.

(Supreme Court, Appellate Division, Second Department.   April 29, 1904.)

1. TORTS—JOINT TORT FEASORS—RELEASE OF ONE—DISCHARGE OF OTHERS.

Where the release of a joint tort feasor contains no reservation it operates to discharge his joint tort feasors, but where it expressly reserves the right to pursue others than the one released it is not a technical release, but a covenant not to sue, and the other tort feasors are not discharged.

2. COURTS—APPELLATE DIVISION—DECISIONS OF COURT OF APPEALS—EFFECT.

Where, after a decision of affirmance by the Appellate Division, based solely on the construction of an instrument, the Court of Appeals places a different construction on an instrument, identical in legal effect, the Appellate Division, on reargument of the case in which its decision was rendered, must overrule that decision.

On Reargument.   Judgment reversed.
For former opinion, see 66 N. Y. Supp. 1066.
Argued before HIRSCHBERG, C. J., and JENKS, BARTLETT, WOODWARD, and HOOKER, JJ.

JENKS, J.   The judgment must be reversed, and a new trial must be granted.   Mr. Duncan, the owner of a building, leased the shop and the basement thereof to Messrs. Hanan, who sublet the basement to Mr. Abramson.   The plaintiff complained against the Messrs. Hanan, in that they negligently and unlawfully failed to protect steps which afforded access to the basement, so that the intestate fell down the steps to his death.   At the close of the whole case the learned trial court dismissed the complaint, but not alone upon the plea of release hereinafter referred to, and the plaintiff appealed to this court. We affirmed the judgment, and I wrote for the court.   Brogan v. Hanan, 55 App. Div. 92, 66 N. Y. Supp. 1066.

The defendants pleaded, inter alia, that the plaintiff had released under seal Mr. Duncan, the owner of the premises, from all liability, and read the release in evidence.   The plaintiff had reserved therein all rights of action for negligently causing the death of her intestate against the Messrs. Hanan as lessees, and against all other person or persons in possession and control of the premises at the time of the casualty and prior thereto.   We held that the defendants Hanan well pleaded the release in bar, because they were joint tort feasors with the owner of the premises.   The many authorities for that proposition are cited in the opinion reported in the 55th Appellate Division Reports.   But, since our judgment, the Court of Appeals has decided

Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623. In the opinion the court, commenting upon a release with a reservation, say:

"Reservations of this character in releases are not uncommon, and their effect has been the subject of frequent adjudication by the courts. It is quite true that the courts of our sister states have reached different conclusions upon the question, and that a sharp conflict exists in the courts of our own state, as, for instance, Matthews v. Chicopee Mfg. Co., 3 Robt. 712, Commercial Nat. Bank v. Taylor, 64 Hun, 499 [19 N. Y. Supp. 533], on one side, and Mitchell v. Allen, 25 Hun, 543, Delong v. Curtis, 35 Hun, 94, and Brogan v. Hanan, 55 App. Div. 92 [66 N. Y. Supp. 1066], upon the other side."

After a long discussion, the opinion concludes:

"Where the release contains no reservation it operates to discharge all the joint tort feasors, but where the instrument expressly reserves the right to pursue the others it is not technically a release, but a covenant not to sue, and they are not discharged. It follows that the release, so called, did not operate to discharge the defendants."

Inasmuch as the clash of authorities seems to have been stilled by this decision of our highest court, our former judgment, which was based solely upon the release, must be overruled, and under the circumstances we think that a new trial of the issue is required. We do not intend to express any opinion upon the merits of the case aside from the feature of the general release, or in any other way to trammel the action of the court upon the new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.