but I am unable to pass upon them because I do not find copies of such notices among the papers submitted.

Applying the above conclusions to the facts as they appear to be established, the result is that the liens of David Warren, James J. O'Connell, Matthew Hutchinson, Nicholas Stazza, Tony Durone, and Yerks & Co. are proven and sustained; and none of the others is established.

Upon the trial the attention of the court was directed mainly to the issue as to the lien of the Troy Public Works Company, and the briefs submitted are largely devoted to that question. Both evidence and briefs as to the other claims of lien are meager; and, if it is thought that the court herein has misapprehended the case as to any of such other claims except those of Warren and Yerks & Co., the court will receive further memorandum of counsel respecting the same. For instance, the briefs are at variance as to the fact of service of answer, concerning some of the claims; but the court has inferred that such variance is due to one counsel having referred to one of the two actions and the other counsel to the other action. Doubtless it is enough if a given defendant answered properly in either action.

It does not seem that the assignment by the executrix of the original contractor to the surety company impaired any of the liens. Such assignment or a copy thereof was not filed as required by section 15 of the lien law until August 28, 1908, which was after the filing of all the notices of lien.

A decision in accordance with the above may be submitted and settled upon notice.

---

### WALSH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

1. DAMAGES (§ 132\*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

   A person sustaining a personal injury lost his right leg; his back was wrenched; his left foot was injured; and his suffering had been intense. Blood poisoning set in, so that, for a time, his life was despaired of. The stump of the amputated leg became at times irritated, so that the use of an artificial limb was attended with difficulty and more or less constant pain. At the time of his injury he earned from $150 to $200 a month. He continued to earn that amount as a public officer. *Held*, that a verdict for $10,000 against one of the joint tort-feasors after the other tort-feasor had paid $7,000, was not excessive.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 178, 372–385, 396; Dec. Dig. § 132.\*]

2. APPEAL AND ERROR (§ 179\*)—PRESENTATION OF QUESTION BELOW.

   Where evidence in support of a defense presented, at best, a question of fact, defendant, who did not ask to go to the jury on that defense, was concluded by the verdict against him.

   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 179.\*]

3. RELEASE (§ 57\*)—ACCORD AND SATISFACTION (§ 26\*)—JOINT TORT-FEASORS —LIABILITY.

   A person injured through the negligence of two railroad companies sued one of them, and, pending the suit, settled the action for $7,000.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He admitted that he had sworn to a complaint in that action alleging that his injuries were due solely to the carelessness of that company, but he stated that at the time he settled with that company he did not understand it as alleged in the complaint. He subsequently sued the other company, and the jury, under instructions to deduct the $7,000 from any amount they fixed as damages, found a verdict in his favor for $10,000. *Held* not to show a release to the company first sued nor an accord and satisfaction with that company, but only to show that the former company paid the $7,000 in partial payment, so that a suit against the other company was maintainable.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106–108; Dec. Dig. § 57;* Accord and Satisfaction, Cent. Dig. §§ 162–166; Dec. Dig. § 26.*]

4. RELEASE (§ 29*)—JOINT TORT-FEASORS—LIABILITY.

An instrument releasing one joint tort-feasor from all liability, but reserving a right of action against the other joint tort-feasor, does not preclude an action against the latter joint tort-feasor, though an unconditional release to one joint tort-feasor or an accord and satisfaction with him is a release of the other.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. § 29.*]

McLennan, P. J., and Williams, J., dissenting.

Appeal from Trial Term, Niagara County.

Action by Matthew Walsh against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying a new trial on the judge's minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Alfred L. Becker, for appellant.

Alfred W. Gray, for respondent.

KRUSE, J. The action is to recover damages for personal injuries. The plaintiff was struck by a car while crossing the defendant's tracks, in front of its depot, in the city of Niagara Falls. The accident occurred on the evening of May 30, 1907, on what is known as the "Erie transfer track," owned by the defendant, and used by the Erie Railroad Company as well as the defendant Central Railroad Company. The harm was done by an Erie car. A switch engine and crew of the Erie Company was at work on the transfer track, and while the plaintiff was walking around the end of standing cars, they were suddenly started by an Erie kicked car. The plaintiff was caught. His right leg was crushed and he was otherwise injured. It was customary for passengers to cross these tracks; they had even been directed to do so by the defendant's employés. At times openings were made in the strings of cars to permit them to do so. In short, the evidence shows that not only were passengers accustomed to cross here, but the work of switching and transferring was being done when people were crossing. I think the evidence is sufficient to warrant the finding that the Central Company as well as the Erie Company was negligent. The action is not brought against the Erie Company, as it finally acknowledged its liability by paying the plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff $7,000. The defendant disputes its liability and appeals from the judgment entered upon the verdict of $10,000 against it.

We are all agreed, as I understand it, that the evidence is sufficient to establish the liability of the defendant, and that none of the grounds urged by defendant's counsel is sufficient to justify reversal, save one, to which I will call attention presently, and upon that we are divided. The only other question is that of damages.

As regards the damages, I think the verdict should not be disturbed. The plaintiff not only lost his right leg, but he was otherwise seriously injured. He was bruised; his back wrenched; his left foot injured; his suffering has been intense and protracted; blood poisoning set in, and for a time his life was dispaired of; while he now uses an artificial leg, the stump of the amputated limb becomes irritated and swells, so that its use is attended with difficulty and more or less suffering constantly. At the time he was injured he was running a haberdashery store in the city of Niagara Falls. His earnings were from $150 to $200 a month. While his present earnings by way of salary as county clerk of Niagara county are no less, it cannot of course be foretold how long his holding of that office will continue. At all events, a jury of his own county ought to be better able to judge of that than we are. I think we cannot say that the verdict is excessive.

As regards the remaining question: The defendant alleged as an affirmative defense that the plaintiff "for a good and valuable consideration equaling or exceeding in value and amount all the damage * * * suffered by the plaintiff," to him paid by the Erie Company, released and forever discharged both the Erie Company and the defendant. It gave no proof on its part of that defense, but contends that the evidence conclusively establishes an accord and satisfaction. There is no proof whatever of any release, and the evidence of an accord and satisfaction is very meager, and comes from the plaintiff himself. Assuming that the defense of accord and satisfaction is sufficiently pleaded, I think the evidence at best presented a question of fact, and the defendant not having asked to go to the jury upon that question is concluded by the verdict. The only evidence upon that subject is the plaintiff's testimony to the effect that he brought an action against the Erie Railroad Company first; that he settled the action against the Erie Company and received at the time he made the settlement $7,000. He was shown a paper on the trial and stated that the signature thereto was his signature, and that it was a paper of settlement; but counsel for neither party introduced the paper in evidence. It is not in the record, and we have no means of knowing its contents. This testimony was given upon direct examination. Upon cross-examination of the plaintiff counsel for the defendant evidently attempted to show that plaintiff in his complaint against the Erie Company alleged that his injuries were due solely to the carelessness of that company. His attention was called to the allegations of the complaint in that action. He acknowledged that he had sworn to the complaint, but stated further that at the time he settled with the Erie Company he did not understand it just as he alleged it in the complaint. Upon neither the direct nor cross-examination was the plaintiff interrogated as to the terms of the settlement.

Undoubtedly, an unconditional release under seal by the plaintiff to the Erie Company or an accord and satisfaction with that company of his claim for the personal injuries sustained by him—that is, payment thereof in full—would release and discharge the Central Company. But it is equally clear that even an instrument under seal in which one joint tort-feasor is released from all liability, which reserves the right of action against the other joint tort-feasor, is not such a release as to come within the operation of this rule, but is regarded as a covenant not to sue. Such an instrument does not discharge the right of action so reserved against the joint tort-feasor. Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623; Walsh v. Hanan, 93 App. Div. 580, 87 N. Y. Supp. 930. But, as has been stated, there is no evidence of any release. We have here the bare statement that the action against the Erie Company was settled, and that it paid the plaintiff the $7,000. I think the inference entirely reasonable that the $7,000 paid by the Erie Company was a partial payment, rather than a payment in full, especially in view of the finding of the jury that the plaintiff sustained damages to the extent of $17,000. The case was submitted to the jury upon that theory. The jury was instructed to deduct the $7,000 from whatever amount they fixed as the damage sustained by the plaintiff. That course seems to have been acquiesced in by the defendant, at least no exception was taken to the charge in that regard; and that theory, I think, is quite in accord with the allegations of the answer that the sum paid by the Erie Company equaled or exceeded the total amount of the damages.

It is true that the defendant's counsel stated as one of his grounds for the nonsuit, as well as for the direction of a verdict in favor of the defendant, that the plaintiff had settled his case with the Erie Company. Assuming that to mean that there had been an accord and satisfaction, I think, as has been stated, that the defense had not been conclusively proven. Certainly, if the plaintiff sustained damages to the extent of $17,000, he had not been paid in full.

The judgment and order should therefore be affirmed, with costs. All concur, except McLENNAN, P. J., and WILLIAMS, J., who dissent in an opinion by McLENNAN, P. J.

McLENNAN, P. J. It is conclusively established by the evidence that the accident which is the subject of this action resulted because of the joint negligence of the Erie Railroad Company and of this defendant; that they are joint tort-feasors; that prior to the commencement of this action the plaintiff commenced an action against the Erie Railroad Company to recover the damages sustained by him resulting from such accident, and that in his complaint in such action he alleged, in substance, that his said injuries were due solely by reason of the carelessness and negligence of the Erie Railroad Company and its agents in charge of said locomotive, engine, etc.; that before the trial of this action he settled said cause of action against the Erie Railroad Company and received upon such settlement the sum of $7,000.

In the case at bar the plaintiff by his evidence proved the commencement by him of the action against the Erie Railroad Company upon a complaint which alleged, in substance, that the Erie Railroad Company was alone responsible for the damages sustained by him. He also proved that such action or cause of action against the Erie Railroad Company was settled by him before the trial of this action, and that upon such settlement he received the sum of $7,000; but he did not put in evidence or make proof with reference to the release, if any, given by him to the Erie Railroad Company, or the nature or scope of the settlement so made by him. He gave no evidence tending to show that the sum of $7,000 paid to him was not received in full settlement of his cause of action. The defendant gave no evidence upon that branch of the case, but stood upon the proposition as stated by the plaintiff, unequivocally, that he had settled the action brought by him against the Erie Railroad Company to recover the damages resulting from the accident in question, which, as stated in his complaint in the action brought against the Erie Railroad Company, resulted solely through the negligence of that company, and that he had received upon such settlement the sum of $7,000. The defendant moved for a nonsuit and for the direction of a verdict upon the ground, among others, that the plaintiff had settled his cause of action with the Erie Railroad Company, which motion was denied.

Upon the evidence thus adduced, given by the plaintiff himself, and because of his failure to disclose the exact nature of the settlement which he had testified to, assuming that it was more favorable to him than was indicated by his evidence, we think it should be conclusively presumed that the settlement made by him with the Erie Railroad Company was in full payment for the damages resulting from the injuries which he sustained and, if so, then he settled his cause of action against this defendant, it concededly being a joint tort-feasor with the Erie Railroad Company. We think it ought not to be held upon the evidence in this case, which is uncontradicted so far as this question is concerned, that the plaintiff, in the settlement made with the Erie Railroad Company, reserved the right to prosecute an action against this defendant for exactly the same cause of action.

The plaintiff gave evidence tending to show that the negligence which resulted in injury to him was the joint negligence of this defendant and of the Erie Railroad Company, and that the Erie Railroad Company settled the alleged cause of action against it for the sum of $7,000, and it seems to me that it should be conclusively presumed, nothing appearing to the contrary, that such settlement was in full satisfaction and payment for plaintiff's damages. If it was a restricted settlement and such as reserved to the plaintiff the right to prosecute an action against the defendant, whose negligence in conjunction with that of the Erie Railroad Company caused the accident, it would have been easy for the plaintiff to have established such fact, and we think it was incumbent upon him, having proved a settlement, if there were any limitations, to prove the same. In the proper administration of justice, in cases of this kind, we think it ought not to be held that it is permissible for the plaintiff to prove that one joint tort-

feasor has recognized its liability and paid $7,000 in settlement of such liability, which according to the complaint in the action brought against it resulted solely through its negligence, and then to recover damages against the other joint tort-feasor without disclosing the nature of the settlement made in the first action.

We think in this case it was not incumbent upon the defendant to seek to prove that the settlement made between the plaintiff and the Erie Railroad Company did not reserve the right to the plaintiff to maintain an action against this defendant. It seems to me that it ought to be held as a conclusive presumption that in a case such as this, to recover damages for injuries sustained by the plaintiff as the result of the joint negligence of two corporations, where an action is brought against one, the complaint in which action alleging that the injuries resulted solely through the negligence of such defendant, that in order to entitle the plaintiff to recover against the other defendant, after he has testified that he settled his cause of action with the former, it should be incumbent upon him to establish that there was some reservation in such settlement which left him free to prosecute the other joint tort-feasor.

For these reasons, I conclude that the judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide event.