FOY v. BARRY et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

1. TRIAL (§ 335*)—ACTION AGAINST JOINT TORT-FEASORS—VERDICT.

In an action against two joint tort-feasors, a verdict apportioning the amount which each defendant should pay was improper; the proper form of verdict in such case being for one amount against both defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 788; Dec. Dig. § 335.*]

2. TRIAL (§ 345*)—SATISFACTION OF JUDGMENT.

Where plaintiff, in an action against two joint tort-feasors, acquiesced in a verdict which improperly apportioned the amount for which each defendant was liable, instead of finding one amount against both defendants, he could not complain that the satisfaction of a judgment entered thereon against one defendant satisfied the judgment against the other.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 816–820; Dec. Dig. § 345.*]

3. SHERIFFS AND CONSTABLES (§ 130*)—COLLECTION OF EXECUTION—LIABILITY OF OFFICER.

Where, in an action to enjoin the enforcement of a valid execution issued on a judgment which should previously have been satisfied of record, it did not appear that the sheriff had not turned over to the judg-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment creditor a sum already collected under such execution, judgment could not be rendered against the sheriff for such sum; the execution being effective to protect the sheriff, not only in making the levy, but in turning over to the judgment creditor the amount collected.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 267–271; Dec. Dig. § 130.*]

Appeal from Special Term, New York County.

Action by Frank Foy against James Barry, impleaded with William Soper and another. From an order refusing to direct satisfaction of a judgment, and to restrain the sheriff from making further collections under an execution issued thereon, and to compel him to return money theretofore collected in pursuance thereof, James Barry appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Thomas E. O'Brien, of New York City, for appellant.

John T. Canavan, of New York City, for respondent.

McLAUGHLIN, J. Action to recover damages for a malicious abuse of legal process. There have been two trials. The first resulted in a judgment dismissing the complaint, but upon appeal the same was reversed and a new trial ordered as to the present appellant and the defendant Soper. It is unnecessary to state the facts, since they are substantially the same as alleged in the complaint, and which are fully set forth in the opinion delivered on the former appeal. Foy v. Barry, 87 App. Div. 291, 84 N. Y. Supp. 335.

Upon the second trial a verdict was rendered in favor of the plaintiff against Soper for $250 and against Barry for $1,000. Upon the verdict thus rendered, judgment was entered against Soper for $697.85 and against Barry for $1,447.85—being the amount of the verdict plus a full bill of costs in each instance. After the entry of the judgment, Soper paid the full amount of the one entered against him, and the same was thereupon satisfied of record. Subsequently the plaintiff assigned the judgment against Barry to the respondent Foy, who had an execution issued thereon to the sheriff of Schenectady county, pursuant to section 1391 of the Code of Civil Procedure, directing him to garnishee Barry's salary; an execution having been previously issued against his property and returned unsatisfied. The sheriff collected $25 under the execution, when Barry make a motion to restrain him from making further collections, to compel him to return what he had theretofore collected, and to satisfy the judgment of record. The motion was denied, and Barry appeals.

[1, 2] Barry and Soper were joint tort-feasors, and as such were jointly and severally liable for the wrong to the plaintiff. They could have been sued either jointly or severally; but, if a recovery had been had in each case, the satisfaction of one would have satisfied the other. Walsh v. N. Y. C. & H. R. R. Co., 204 N. Y. 58, 97 N. E. 408, 37 L. R. A. (N. S.) 1137; Knapp v. Roche, 94 N. Y. 329; Barrett v. Third Avenue R. R. Co., 45 N. Y. 628. This rule is predicated upon the fact

that, no matter how numerous may be the wrongdoers, the wrongful act and its consequences are indivisible, for which a single payment, no matter by which one of the wrongdoers made, is a full and complete satisfaction as to all. Walsh v. N. Y. C. & H. R. R. Co., supra. The jury, therefore, could not legally apportion, as between Barry and Soper, the amount which each should pay. The verdict should have been for such an amount as would compensate the plaintiff for the wrong inflicted by both defendants, upon which judgment could then have been entered against both. The verdict here rendered was improper in form, and the jury should have been so told, and sent back with proper instructions for one amount against both defendants. Plaintiff, however, was satisfied with the form of the verdict, and entered a judgment against each defendant, as above stated, and is not now in a position to complain that the satisfaction of one judgment has satisfied the other.

A case directly in point is Breslin v. Peck, 38 Hun, 623. There action was brought to recover damages against two defendants for a libel. The jury rendered a verdict against one for $1,100 and against the other for $400. The judgment entered upon the $400 verdict was paid, and then the other defendant moved to have the judgment against him satisfied. The motion was granted, and on appeal the same was affirmed. This authority, so far as I have been able to discover, has never been questioned; on the contrary, it has been cited with approval in Parks v. City of New York, 111 App. Div. 836, 98 N. Y. Supp. 94, affirmed 187 N. Y. 555, 80 N. E. 1115; Brogan v. Hanan, 55 App. Div. 92, 66 N. Y. Supp. 1066; Palmer v. N. Y. Pub. Co., 31 App. Div. 210, 52 N. Y. Supp. 539; Conde v. Hall, 92 Hun, 335, 37 N. Y. Supp. 411.

[3] The appellant also asks that the sheriff, not only be restrained from making further collections upon the judgment against him, but that he be directed to repay what has already been collected. When the judgment is satisfied of record, and due notice of that fact given to the sheriff, he can make no further collection by virtue of the execution issued thereon. Upon the papers set out in this record the court could not direct the sheriff to repay to the appellant the amount collected from him, since it does not appear but what the amount collected has been turned over to the judgment creditor. The collection was made in pursuance of a valid execution, which protected the sheriff, not only in making the levy, but in turning over, if he did so, the amount collected to the judgment creditor.

The order appealed from is therefore reversed with $10 costs and disbursements, and the motion granted, with $10 costs, in so far as it asks that the judgment be satisfied of record. All concur.