93      488
s53ᴺᵂ  624
133    ⁴211

CATHERINE M. KANE v. SAMUEL C. HUTCHISSON AND
HENRY C. NOWLIN.

*Trover and conversion—Replevin—Seizure of goods not mentioned
in writ—Liability of officer and teamster.*

1. It is the duty of an officer, in executing a writ of replevin, to see
that no articles are taken except those described in the writ.
2. Where goods not described in a writ of replevin are taken by an
officer with knowledge of that fact, no demand is necessary
before bringing trover for their value.
3. Where the testimony tends to show that, after the seizure by an offi-
cer of goods not covered by a writ of replevin, they were pointed
out to him, and their return demanded, and that it was within his
power to make such return, the question whether demand was
made before bringing trover for the value of the goods is properly
left to the jury.
4. A teamster who, at the request of the plaintiff, accompanies an
officer charged with the execution of a writ of replevin, and
assists in taking and loading the goods seized by the officer, a
portion of which, as he knows, are not described in the writ, and
who refuses, upon demand, to return the articles not covered by
the writ to the place from which they were taken, is liable for
their conversion.[1]

Error to Jackson.   (Peck, J.)   Submitted on briefs
November 3, 1892.   Decided November 18, 1892.

Trover.   Defendants bring error.   Affirmed.   The facts
are stated in the opinion.

*Loud & Price,* for appellants.

*Charles A. Blair* and *Richard S. Woodliffe,* for plaintiff.

GRANT, J.   This is an action of trover, in which the
plaintiff recovered for the conversion of 2 bedsteads, 1
feather bed, 1 pair feather pillows, 2 quilts, 1 straw bed,

---

[1] See *Burns v. Kirkpatrick,* 91 Mich. 364.

25 yards rag carpet, 1 clothes-basket, household dishes, and a washtub. The suit was commenced in justice's court, and appealed to the circuit court, where the verdict and judgment were for $32.27. The record contains 100 pages of fine print, and needlessly includes all the testimony in the case.

Defendant Hutchisson was deputy-sheriff, and received a writ of replevin, issued by a justice of the peace at the instance of one Mrs. Tucker. Defendant Nowlin was the teamster who, at the request of Mrs. Tucker, accompanied Hutchisson when he went to seize the goods by virtue of his writ. Plaintiff claims that the goods here in controversy were not included in the writ of replevin, and such appears to be the fact. She gave evidence tending to show her title and right of possession; that at the time of the seizure a list of these articles was read to defendant Hutchisson by plaintiff's husband, who was acting as her agent, and he was forbidden to take them; that neither plaintiff nor her husband was present at the time the goods were seized and loaded upon the wagon; that Nowlin knew that Hutchisson took goods not included in his writ; that plaintiff's husband, learning that these goods had been seized, followed Nowlin, overtook him upon the road, pointed out to him the goods in dispute, and demanded that he return them to the place from which they were taken. Nowlin himself testified that he was hired to draw them away, and he was going to draw them, "neck or nothing."

Plaintiff's testimony also showed that when Hutchisson served the writ of replevin, after the seizure, her husband informed him that he had taken these goods, and demanded their return, but that he declined, saying: "The goods are gone. I can't do anything with them now." This evidence was controverted by the defendants.

Defendants' counsel insist that the court should have directed a verdict for them, because—

1. Plaintiff had not shown herself to be the owner of the goods.

2. She had shown no conversion by the defendants, or either of them.

We think neither position is correct. The title and right of possession were in dispute. The plaintiff testified that she had possession of the goods at the time, and that she had the key to the house in which they were. It is unnecessary to go into a detailed statement of the evidence upon the title to this property, and the right of possession, which would be sufficient to sustain the verdict, though the plaintiff had not the real title.

Under the plaintiff's evidence it is manifest that these articles were taken under color of the writ of replevin. It was the duty of the officer to see that no articles were taken except those described in his writ. He and Nowlin went to the house apparently for no other purpose than to execute his writ, and, in the absence of plaintiff and her husband, assisted in taking and loading the goods. He did this after stating to plaintiff's husband that he would take only the goods described in his writ. If the jury believed this evidence, Hutchisson was guilty of conversion, and no demand for the return of the goods was necessary.

But, if a demand were necessary, we think the question was properly left to the jury. If they believed the plaintiff's witnesses, this property was pointed out by the plaintiff's agent to both defendants, and its return demanded, when it was within the power of each to return it. The charge of the court was full and fair, and the case was properly left to the jury.

Judgment affirmed.

The other Justices concurred.