MCBRIDE *v.* SCOTT.[1]

JOINT TORTS—RELEASE.
>   A release of one or more joint tort feasors releases the others, although it be agreed that they shall not be discharged.

Error to Wayne; Rohnert, J. Submitted December 3, 1902. (Docket No. 142.) Decided January 27, 1903.

Case by Joseph McBride against John Scott, Arthur Scott, and Maxwell H. Grylls (copartners·as John Scott & Co.), Alexander Chapoton, James M. Wood, and others, for injuries caused by the collapse of a building. From a judgment for defendants on demurrer to the replication to their plea *puis darrein continuance*, plaintiff brings error. Affirmed.

*S. E. Engle*, for appellant.

*Earl D. Babst* and *Otto Kirchner*, for appellees John Scott & Co.

*Brennan, Donnelly & Van De Mark*, for appellees Chapoton and Wood.

*Walker & Spalding*, for other appellees.

MONTGOMERY, J. The plaintiff brought this suit against a large number of defendants. The defendants demurred to the declaration. Judgment passed for the defendants. The case was appealed to this court, reversed, and remanded. 125 Mich. 517 (84 N. W. 1079). At this stage of the proceedings two of the defendants, Moore and Wiggins, paid to the plaintiff $1,507.68, and were given a release in the following terms:

" *Whereas*, the Supreme Court has held that in the various Wonderland cases all the defendants were liable

---
[1] Rehearing denied May 29, 1903.

upon the allegations in the plaintiff's declaration; and *Whereas,* James H. Moore and Enoch W. Wiggins are desirous of settling for their own individual liability, and to be therefore released from any further liability as to themselves personally; and they having paid to me the sum of $1,507.68, to be applied upon my claim for damages in this cause, I do hereby release the said Moore and Wiggins from all further liability, but reserving distinctly and expressly all my rights and claims against each and all of the other defendants for any and all sums, in addition to the sum above paid, which I may be found entitled to.   In other words, it is distinctly understood that no rights whatever are released as against the other defendants, and that the only benefit they may or shall receive by reason hereof is such as allowed by law in giving to them the benefit of the sum above paid by way of reduction *pro tanto* of the damages for which this suit was brought.

"The said Moore and Wiggins, in further consideration hereof, agree each to attend and give his testimony when called upon by due legal subpoena, and to furnish such plans, specifications, contracts, deeds, or other documents of any description whatever which may be required upon the trial relating to the matter in this suit, should the same be within their possession or control."

The case was thereupon discontinued as to Moore and Wiggins.   The other defendants interposed a plea *puis darrein continuance,* setting up this discharge of Moore and Wiggins as a bar to the action.   The replication to this plea set out the agreement above quoted.   The defendants demurred to the replication.   Judgment passed for defendants on the demurrer, and the plaintiff brings error.

The question is very clearly presented by the record as to whether a discharge of one or more of numerous joint tort feasors is a bar to a further action against the remaining tort feasors in a case where the plaintiff in form reserves the right to proceed against the remaining tort feasors, and where the plaintiff does not acknowledge full satisfaction for the wrong complained of.   The question never has been directly determined by this court, and it is not free from doubt.   In 8 Bac. Abr. (Bouv. Ed.) tit. "Release," p. 277, it is said:

"If divers commit a trespass, though this be joint or several, at the election of him to whom the wrong is done, yet, if he releases to one of them, all are discharged; because his own deed shall be taken most strongly against himself. Also, such release is a satisfaction in law, which is equal to a satisfaction in fact."

That such is the effect of a bare release at the present day, plaintiff's counsel concedes. But it is urged that, as the plaintiff had the right originally to proceed against one or all of the wrong-doers until full satisfaction is obtained, no one of the defendants has a right to complain of any arrangement made with his co-defendant for an adjustment of the plaintiff's demand as against such co-defendant, unless either by a formal release under seal, which conclusively imports full satisfaction, or full satisfaction in fact. And authorities are not wanting which sustain this contention. On the other hand, it is contended that the discharge of one of several tort feasors amounts *in law* to a satisfaction of the plaintiff's demand, and this without regard to the question of whether the release be by instrument under seal or by parol agreement.

One of the earliest American cases upon the subject is *Ruble* v. *Turner*, 2 Hen. & M. (Va.) 38, in which several had been guilty of an assault. An agreement, not under seal, was made between the plaintiff and one defendant, by which satisfaction was acknowledged for the part which such defendant took, and an attempt was made to reserve the right as to the other defendants. The court held this reservation inoperative, Mr. Justice Tucker saying:

"It is a rule of construction that, if there be any clause or condition in a deed which is either contrary to law or repugnant to the nature of the estate created, it is void. Now, here the question is whether, by the first clause in this instrument of writing, Joel Motley was thereby discharged, and the plaintiff barred of his action against him; and I hold that he was, for the reasons already given. What, then, is the effect of this? The *law* says that if one joint trespasser be released, or make accord and satis-

faction, it shall bar a recovery against all the others. The plaintiff can no more change the law in this particular by any subsequent proviso or condition than he could, after a grant in fee simple by deed, restrain his grantee from selling the lands, or change the course of descents prescribed by law; neither of which will it be contended that he could do. The proviso, then, is merely void, and cannot prevent the legal effect of the accord and satisfaction made by one of the defendants."

In 9 Bac. Abr. (Bouv. Ed.) p. 547, appears the following:

"Trespass against five. The plaintiff accepts a note from two, for a sum to be paid at a future day, in satisfaction as to them, but not to operate as a satisfaction as for the other defendants. The right to recover damages is gone as to all."

In *Ellis* v. *Bitzer*, 2 Ohio, 89 (15 Am. Dec. 534), it appeared that there were several joint defendants. A note was executed, of which the court said it was executed and received with the intent and for the purpose of discharging Williams and Adkins, the makers, from all further liability on account of their being jointly concerned with the defendants in the trespass, but with the express stipulation that it should not discharge the other co-trespassers. The court said:

"An accord and satisfaction of a joint trespass by one is good for all concerned. The act of one of several joint trespassers is the act of all. They all unite to do an unlawful act, and each is responsible for the acts of the others. The plaintiff may elect to sue them jointly or separately, and may pursue them until he has obtained satisfaction; but he can have but one recompense in damages for the same injury. The plaintiff here agreed to take the note of Williams and Adkins, two of the trespassers, for $150, and to forbear to sue them; the note was given, and it was understood they were fully discharged; and he has thus made his election, not only as to the amount he would receive as a recompense for the injury he sustained from the assault and battery committed by the defendants jointly with Williams and Adkins, but also of the persons from whom he would recover that recom-

pense. * * * The accord and satisfaction mentioned in the third plea operated in law as a discharge of these defendants from liability for the injury complained of by the plaintiff, and it was not in the power of other persons to deprive them, by any agreement of theirs, of the benefit of this legal discharge."

*Brown*·v. *Kencheloe*, 3 Cold. 192, was decided in 1866. In this case the record does not clearly show a distinct reservation of the right of action as against the other wrong-doers, but it discloses a settlement and discharge of several of the joint tort feasors, and it was held that a discharge of one discharged all. To the same effect is *Gilpatrick* v. *Hunter*, 24 Me. 18 (41 Am. Dec. 370). See, also, *Gunther* v. *Lee*, 45 Md. 60 (24 Am. Rep. 504).

The plaintiff cites *Bloss* v. *Plymale*, 3 W. Va. 393 (100 Am. Dec. 752). In this case there were several joint wrong-doers, and a receipt was given to one in full of all dues, debts, and demands to date. The court declined to follow *Ruble* v. *Turner*, *supra*, and, basing its decision upon *Herrington* v. *Harkins' Adm'rs*, 1 Rob. (Va.) 591, held that the payment did not discharge the other wrong-doers.

The case of *Matthews* v. *Manufacturing Co.*, 3 Rob. (N. Y.) 711, is much relied upon. In this case there was a reservation in the following words:

"It being expressly understood and agreed that I do not hereby release or prejudice any claim, suit, or demand which I may have against any other person or persons or corporation for any matter or thing arising out of, or connected with, or relating to, any shipment or consignment," etc.

The court held that this release of one joint wrong-doer did not discharge the other defendant. The value of this case as an authority is much impaired by a decision of the appellate division of the supreme court of New York in *Brogan* v. *Hanan*, 55 App. Div. 92 (66 N. Y. Supp. 1066). This was a case in which the question was directly presented. There were several joint trespassers. The defendants pleaded release to Duncan, a co tort feasor. The

release of Duncan was read in evidence, and plaintiff reserved therein all right of action and claim for damages for negligently causing the death of plaintiff's intestate against the defendants and all other persons who controlled the premises. The court held this release to be a bar, because the defendants were joint tort feasors.

The authority of *Matthews* v. *Manufacturing Co.* was also directly questioned in *Mitchell* v. *Allen*, 25 Hun, 543. In that case three were sued for negligence. One was discharged upon payment of $285, but with a stipulation reserving the right of action against the other defendants. It was contended that this release did not amount to a discharge of the other defendants, for the reason that it was not a technical release under seal; the plaintiff relying upon *Matthews* v. *Manufacturing Co.* The court say of *Matthews* v. *Manufacturing Co.*:

"The record of the case is meager. Neither the nature of the action nor the contents of the release are stated."

The court further say:

"This stipulation, not being under seal, cannot operate as a release, but it acknowledges a payment from Markham, for which it releases him from further claim of the plaintiff. So far as he is concerned, the stipulation was an accord and satisfaction for the tort. There is no doubt that the plaintiff is entitled to but one satisfaction for her injury. It is not necessary that this satisfaction be by way of a judgment, and satisfaction from one party discharges the others. The plaintiff, not seriously denying all this, insists that her discharge of Markham arises solely out of her contract, and can extend no further than the express provision of the contract will permit. But, while Markham was discharged from his liability by the contract, the discharge of Allen and Porter arises as a necessary legal result from the satisfaction by and discharge of their joint tort feasor. When Markham was discharged, the action as to them was barred as a matter of law, and no contract between plaintiff and Markham can prevent the legal effect of his satisfaction."

Another case which, to a certain extent, supports the contention of the plaintiff, is *Ellis* v. *Esson*, 50 Wis. 138

(6 N. W. 518, 36 Am. Rep. 830). The opinion is by Mr.
Justice Taylor, and, because of his great ability, is entitled
to considerable weight. He rests his decision, however,
in part upon the case in 3 Rob. (N. Y.), which, as we
have seen, has not been followed by the courts of New
York. Furthermore, the court in *Ellis* v. *Esson* dis-
tinctly reserve the question as to the effect of a release of
one tort feasor with a reservation of the right of action as
against the others "in an action for assault and battery,
false imprisonment, or similar actions," such as the pres-
ent, "in which the damages rest mainly in estimation and
opinion." This reservation in the opinion of the court
upon this subject detracts very materially from the force
of the case as an authority, for it is difficult to conceive in
principle how any such distinction can be drawn. If the
discharge of one tort feasor, as matter of law, operates to
discharge his co tort feasor in any case, we are not able to
see how the question of difficulty in establishing the exact
damages can affect the holding in the particular case.

We are of the opinion that the better rule is that con-
tended for by defendants in this case; that to admit of a
settlement with one tort feasor under such circumstances
as are here presented, and to hold that a reservation such
as is here attempted saves the right as to other tort feas-
ors, would open the door for the plaintiff in any case to
acquire by successive settlements more than just compen-
sation; or, as is said in *Brown* v. *Kencheloe, supra,*
"The plaintiff in many instances would operate upon the
fears of the defendants, and get from each full damages
for the trespass committed."

The judgment will be affirmed, with costs.

HOOKER, C. J., MOORE and CARPENTER, JJ., con-
curred. GRANT, J., did not sit.