## SUNLIN *v.* SKUTT.

1. PARTNERSHIP—TORT OF ONE PARTNER—LIABILITY OF COPARTNER.

Where property of a third person is unlawfully taken by one of two partners, and is employed in the partnership business, the other partner is liable for its use, though supposing it to belong to his copartner.

2. JOINT TRESPASSERS—DISCHARGE.

The release of one joint trespasser is the release of all, irrespective of the intention of the parties.

3. SAME—PLEADING—GENERAL ISSUE.

> The defense to an action of trespass to personal property, that plaintiff settled with defendant's co-trespasser, is inadmissible under the general issue, even in justice's court.

Error to Kent; Wolcott, J. Submitted February 18, 1903. (Docket No. 103.) Decided May 12, 1903.

Trespass *de bonis* by Louis F. Sunlin against Henry Skutt. From a judgment for defendant, plaintiff brings error. Reversed.

This case originated in justice's court, was appealed to the circuit court, and there tried without a jury. It is an action of trespass to personal property. The written findings are as follows:

"1. That, in the spring of 1900, plaintiff was the owner of a steam pump, which was at that time situate in his stone quarry at No. 500 N. Front street in the city of Grand Rapids; that he left the city in the month of April, 1900, and did not return until the month of May, 1901; and that the plaintiff operated his stone quarry at 500 N. Front street in the year 1895, and in the year 1898 it was operated by one Daniel Davis.

"2. And I further find that in September, 1900, Eaton & Williams were running a stone quarry in Grand river, in the city of Grand Rapids, on property belonging to the Comstock estate, operating their pump and drills by hand; that the said Daniel Davis, who was working for them drawing stone, told them that he owned a steam pump which they could use; that Eaton and Williams accompanied Mr. Davis to what afterwards proved to be Mr. Sunlin's quarry, and removed the pump to the said quarry of Eaton & Williams, where it was set up and used by them about a week in operating their quarry, when Eaton & Williams sold out their interest in the quarry to the defendant, Henry Skutt, who entered into an agreement with said Daniel Davis to operate said quarry, said Davis to furnish his own labor, together with his team, wagon, and a steam pump, as against the labor of said Skutt, together with his team, wagon, and steam drill.

"3. That said quarry was operated by said Skutt and Davis under said agreement (barring times when it was

shut down on account of storms and when the dam was out) up to January 3, 1901, a total of 88 days, when the quarry was closed up, and Skutt bought out the interest of Davis in the stone then on the bank of the river, and Skutt took away the drill, and the steam pump was taken down at the direction of Mr. Davis, and left at the edge of the quarry by the bank of the river.

"4. I further find that the defendant, Henry Skutt, never knew the pump was the property of the plaintiff, Sunlin, until the spring of 1901, after it had been returned to Mr. Sunlin by Mr. Davis, but believed the same was the property of Mr. Davis.

"5. I further find that in 1901, before this suit was brought, the plaintiff accepted $40 of Mr. Davis for the use of said pump.

"6. I further find that the defendant, Skutt, never had any knowledge of, concurred in, or ratified the taking of plaintiff's pump by said Daniel Davis, and never received the benefit of said taking; it being the duty of said Davis, under the agreement by which the quarry was being operated, to furnish his own labor, a team, wagon, and steam pump, as against the labor of Skutt, his team, wagon, and steam drill.

"*Conclusion of Law:* The pump having been taken by said Daniel Davis without the knowledge, consent, or concurrence of said defendant, it follows, as a matter of law, that the defendant is not liable to the plaintiff in the action of trespass."

C. H. Gleason (*Arthur Lowell*, of counsel), for appellant.

*Smedley & Corwin*, for appellee.

GRANT, J. (*after stating the facts*). We think the learned circuit judge was in error in holding that the defendant was not liable. The pump was used in the partnership business, and both of the partners received the benefit of it. That defendant acted in good faith is true; but good faith in the purchase or use of personal property is no defense as against the rightful owner. He who purchases or uses the property of another, taken unlawfully, is liable to the owner in an action of replevin

without demand, or an action of trover for conversion, or, if the property is returned or retaken, for the value of the use by the innocent trespasser. *Haviland* v. *Parker*, 11 Mich. 103; *Trudo* v. *Anderson*, 10 Mich. 357 (81 Am. Dec. 795). "Absence of bad faith can never excuse a trespass." *Cubit* v. *O'Dett*, 51 Mich. 347 (16 N. W. 679). A teamster is equally liable with a sheriff when taking property not covered by his writ. *Kane* v. *Hutchisson*, 93 Mich. 488 (53 N. W. 624). So, an auctioneer is liable in trover for the unlawful sale of goods under a chattel mortgage, though he act in good faith. *Kearney* v. *Clutton*, 101 Mich. 106 (59 N. W. 419, 45 Am. St. Rep. 394). This case does not fall within the rule invoked by the defendant, and stated in 1 Jaggard, Torts, § 99, as follows:

"In order that responsibility be attached to a partner with respect to a tort, it is necessary either—(*a*) that he should have authorized it, or joined in its commission, in the first instance; (*b*) that he should have made it his own by adoption; or (*c*) that it should have been committed by his copartner in the course and as a part of his employment."

The pump was taken by the joint action of both partners as soon as the partnership was formed and the work commenced. It was used by them while they remained in partnership. When property is thus used by a partnership, the partnership is liable to the owner, although one partner may innocently believe that the property is actually owned by the other.

After this case was tried, the case of *McBride* v. *Scott*, 132 Mich. 176 (93 N. W. 243), was decided. This court notified the attorneys to file briefs upon the question whether the settlement with one of the trespassers had not released the defendant under that decision. Briefs were furnished, showing that the defense was not made in the court below, and claiming that it was not admissible under the general issue. The objection is well taken, otherwise the judgment should be affirmed. The defense is not

available under the general issue. Cir. Ct. Rule 7; section 767, 1 Comp. Laws; *Hubbard* v. *Freiberger, ante,* 139 (94 N. W. 727).

The judgment is reversed, and new trial ordered.

The other Justices concurred.