ATCHISON, T. & S. F. RY. CO. v. CLASSIN.[†]

(Court of Civil Appeals of Texas. Jan. 25, 1911. Rehearing Denied Feb. 8, 1911.)

1. RAILROADS (§ 282*)—INJURIES TO PERSONS WORKING ABOUT CARS—JURY QUESTIONS—CONTRIBUTORY NEGLIGENCE.

Plaintiff was employed as car inspector for a railroad company which used the same yards that defendant company used, and had inspected one of defendant's cars, which was to be moved by his road and found it defective, and had advised defendant of the defects, so that it could be repaired by defendant before it was moved. Both the rules of plaintiff company and of defendant required that a blue flag be placed upon cars which were being repaired, and kept there until the repairs were made. Shortly before the accident, plaintiff saw defendant's employé working on the car with a flag placed in front thereof, and shortly thereafter plaintiff approached the car from the opposite direction from the end where the flag was posted, and, seeing the tools used by defendant's employés around the car and supposing the flag was still on the car, plaintiff went under it, and an engine backed against it, injuring him, the flag in the meantime having been removed by defendant's employés. *Held* that, at most, the question of whether plaintiff was negligent in going under the car under the circumstances was for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 910–923; Dec. Dig. § 282.*]

2. RAILROADS (§ 275*)—INJURIES TO PERSON WORKING ABOUT CARS—NEGLIGENCE.

The flag protecting the repaired car having been removed before the repairs were completed, without plaintiff's knowledge, it was defendant's duty to inform plaintiff of that fact, or to use care in operating its engine on that track, so as to not injure one, such as plaintiff, who might be expected to be about the car while it was being repaired.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 873–877; Dec. Dig. § 275.*]

3. RAILROADS (§ 278*)—INJURIES TO PERSONS WORKING ABOUT CARS—CONTRIBUTORY NEGLIGENCE.

If plaintiff knew that there was no blue flag up on the repaired car when he went under

---

it, he was negligent in going under it so as to prevent recovery.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 891–900; Dec. Dig. § 278.*]

4. RAILROADS (§ 278*)—INJURIES TO PERSONS WORKING ABOUT CARS — ASSUMPTION OF RISK.

If plaintiff went under the repaired car to inspect it, knowing that the blue flag had been removed therefrom, he assumed the risk of it being struck by other of defendant's cars coming in on the same track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 891–900; Dec. Dig. § 278.*]

5. RAILROADS (§ 278*) — INJURY TO PERSON WORKING ABOUT CARS — ASSUMPTION OF RISK.

A car inspector of another railroad company who had requested defendant company to repair one of its cars, so that it could be received by his own company, did not assume the risks of injury from the negligence of defendant's servants in repairing the car, which he was required to reinspect after repaired, unless he knew of such negligence, or should have known thereof in the ordinary discharge of his duties.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 891–900; Dec. Dig. § 278.*]

6. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR—INSTRUCTIONS—FAVORABLE TO COMPLAINING PARTY.

In an action by a car inspector of another road for injuries sustained while under one of defendant company's cars, which he had requested it to repair, to enable his road to receive it; by defendant's engine coming in on the repair track after the repair flag had been removed, and striking the car, the court instructed that if plaintiff knew that there was danger of the car he was under being struck by others of defendant's cars by reason of the absence of a blue flag, or from any other reason, at the time he went under the car to inspect it, and appreciated or should have appreciated the danger therefrom, he assumed the risk, and cannot recover. There was no evidence that plaintiff knew that the flag was not up when he went under the car, so as to make his knowledge on that question an issue. *Held* that, even if the charge was erroneous, defendant could not claim a reversal on that ground, since it was favorable to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

7. RELEASE (§ 29*)—PERSONAL INJURIES—EFFECT.

After plaintiff, who was car inspector of another railroad company, was injured while inspecting a car being repaired by defendant's employés by one of its engines backing against the car, plaintiff signed an instrument releasing certain named corporations, including his own company, but not defendant company, from liability by reason of his injury; the release reciting that the payment should not be construed as an acknowledgment of liability by any of the named corporations. The release was signed at the instance of the claim agent of plaintiff's company under an understanding with him that it should not prevent plaintiff from suing defendant for damages, and that the amount paid plaintiff by his claim agent was a gratuity given because of plaintiff's long service, and not as compensation for his injuries. *Held*, that the release did not bar a suit against defendant for the injuries sustained, but his recovery against defendant should be reduced by the amount paid him under the release.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. § 29.*]

Appeal from District Court, El Paso County; Jas. R. Harper, Judge.

Action by A. J. Classin against the Atchison, Topeka & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Terry, Cavin & Mills and A. H. Culwell, for appellant. Patterson & Wallace, for appellee.

JAMES, C. J. This action was by appellee, alleging: That he was an employé of the El Paso & Southwestern Railway Company at Deming, N. M., his employment being that of car inspector. That on November 27, 1908, the defendant, the Atchison, Topeka & Santa Fé Railway Company, maintained yards at Deming wherein cars were repaired, switched, moved, and made up into trains by its employés. That it was plaintiff's duty to inspect all cars in said yards that were to be received from defendant by his employer, the El Paso & Southwestern Railway Company. That on said date a car was there which was to be thereafter delivered to the lines of El Paso & Southwestern System. That it was part of plaintiff's duty, as well as the usual and customary practice, for him to inspect said car in order to ascertain whether or not the same was safe to be operated and hauled over the lines of his employer. That he inspected it, and found it unsafe, and notified defendant and its employés that, before his line would accept same, it would be necessary for them to make certain repairs, and on the morning of the 27th he was informed by defendant's employés that they would proceed to repair the car. That about 2:30 p. m. of said day plaintiff went to the yard to inspect same and to ascertain whether or not it had been repaired, it being then located on ripwork track No. 3, which was used to store disabled cars on which light repairs were to be made. That on reaching same plaintiff discovered there tools of defendant's car repairers, and, in order to ascertain whether or not the repairs were properly made or finished, it became necessary and a part of his duty, and it was the customary practice, to go under the car in order to inspect same, and while there defendant's employés negligently switched a car in on said rip track with great force and violence, and without warning, which car struck the car ahead of the one under which plaintiff was inspecting, causing the latter to move and injure plaintiff. That plaintiff was rightfully in said yards inspecting the car in the usual and customary manner and way in which the work had formerly been done by plaintiff and other persons in said yards. That defendant and its agents knew at said time that plaintiff and other persons were required to go into the yards and inspect cars under like circumstances, and that in inspecting

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

same it became necessary and a part of their duty to go under the cars. That with such knowledge defendant's employés in charge of one of its switch engines on this occasion in a negligent manner made a running or flying switch and threw a car into said rip track with great force and violence at a dangerous speed without taking precautions to warn plaintiff, whereby it struck the car ahead of the one plaintiff was under, and caused him to be injured as aforesaid.

Plaintiff alleged, in addition: That said rip track was used exclusively as a repair track at and before the happening of the event. That defendant had a rule in force and effect at the time and prior thereto which required its employés when repairing cars on said track to place on the end of the car next to the switch a flag, and to keep same stationed on said car until the work was finished, and that no person or employé of defendant was authorized to move said flag except the employés who were making repairs on cars situated on said track, which rule was for the protection of all persons, including plaintiff, whose duty called them to go in, around, or underneath cars located on the track. That a short time prior to this accident and while defendant's employés were repairing the said car plaintiff saw that said rule had been complied with and said flag placed on the front car. That, when he approached the car on the occasion of his injury, he came up from an opposite direction, and, noticing there the tools of defendant's employés who were repairing the car, he had good reason to believe, and did believe, that said rule was observed, and went under the car to make an inspection. That plaintiff believes and alleges that a short time prior to the accident defendant's foreman in charge of the work with knowledge that the repairs had not been completed, and with knowledge that plaintiff would have to inspect the car when finished, caused the flag to be removed, without warning plaintiff of the fact, and that, therefore, defendant and its agents were guilty of negligence, it being their duty to refrain from moving the flag until the work had been finished and the car examined and inspected by plaintiff. That, if the employés in charge of the switching of said car had exercised ordinary care in switching same, the accident to plaintiff would not have occurred, and that, if defendant's employés had obeyed the rule and not removed the flag, the accident would, in all probability, not have happened.

Defendant answered by general demurrer, denial, and pleaded specially contributory negligence; that plaintiff had no business under the car; that no one knew he was there; that he took no steps to protect himself; and that appellant had the right to move the cars without warning to him; also assumed risk. Defendant further pleaded fellow servant, alleging that the common law prevailed in New Mexico as to fellow servants, and that

under such rule defendant was not liable to plaintiff. Defendant also set up that, if plaintiff was injured as claimed by him, his cause of action has been released, discharged, and satisfied by his receiving the sum of $215 paid him by the El Paso & Southwestern Railroad Company of Arizona and the El Paso & Southwestern Railroad Company of Texas and other companies, including this defendant, and releasing them according to his written receipt, statement, accord, and satisfaction, annexed to the petition. The release attached recited payment of $215 paid by the El Paso & Southwestern Railway Company and certain other railway corporations whom it purported to release, but it did not mention or include this defendant. By supplemental petition plaintiff alleged that he was not an employé of defendant; that defendant at the time of the accident had no authority or control whatever over plaintiff, and the work he was engaged in was for the El Paso & Southwestern System, and therefore he was not a fellow servant with defendant's employés; that defendant and plaintiff's master, the El Paso & Southwestern System, were not joint tort-feasors. in respect to this injury, and that, therefore, the release pleaded by defendant is wholly without consideration so far as this defendant is concerned, and is no bar to plaintiff's action, and he is not bound by the terms and conditions of the release, or by reason of his acceptance of the money mentioned in the release. The verdict was for plaintiff in the sum of $2,500.

The first assignment is that the court erred in refusing a peremptory instruction for the defendant because plaintiff had totally failed to make out a case of liability on the part of defendant. Appellant's contention under this assignment is as follows: "If it shall be held that plaintiff and those whose acts occasioned the injury were not fellow servants, then the appellant says that he is not entitled to recover, because he was a volunteer at the time of the accident, and for whose protection the obligation of lookout or caution did not obtain. It was his duty to see that those steps were taken which would insure his protection, as he was volunteering his service at a time and place not required, and the evidence fails to show that any one knew he was under the car at the time it was moved."

We form the following conclusions of fact from the evidence in view of the verdict.

First. The testimony showed that the persons who were engaged in repairing the car, and who, or one of whom, under the order of their foreman, removed the flag after it had been properly placed on the car next to the switch, without notifying plaintiff of the fact, were servants of and under the control of another master than plaintiff's. The testimony on this question was uncontroverted.

Second. Plaintiff, according to all the evi-

dence, was not a volunteer while engaged in doing the work involved in inspecting and examining the car.

Third. There was ample evidence showing that plaintiff did not ignore or fail to heed the rule; that the work being done was the placing of the car in a condition of repair to enable it to be moved over and received by the El Paso & Southwestern System, subject to plaintiff's inspection; that this work devolved on the defendant, the Atchison, Topeka & Santa Fé Railway Company, and its employés; that plaintiff's duty was to examine and approve the work on behalf of the former company, his employer; that the method prescribed was to post and keep posted the blue flag for the safety of all persons engaged on and about the work, until the work was completed; that plaintiff was informed during the morning of the 27th that the car would be repaired, and the work was commenced by defendant and its employés that morning, but not finished during the forenoon; that defendant's employés left the scene of the work, and some of them went to the blacksmith shop to do some necessary work connected with the repair and to return to it later, leaving their tools there for the purpose; that plaintiff went there in the forenoon, and indicated what was to be done in the way of repairs, and saw at that time the flag was posted as required by the rule. Later, before defendant's employés had returned, he went there in the performance of his duty of inspecting the work, approaching the car from a direction from which he could not see the place where he had seen the flag, and perceiving the tools left there indicating that the work was not finished, he concluded this was the case, and it did not occur to him to notice whether or not the flag was still posted, but, upon the assumption that it had not been removed, he went under the car to make inspection in the customary way of doing this character of work, and while there the car was shunted down and caused his injury. The evidence shows that no one had the right in that yard to post or remove the flag but defendant's employés, and that it had been removed by direction of defendant's foreman.

The testimony was sufficient to warrant the jury in finding the foregoing facts.

Our conclusion of law from the above facts is that they do not present a case which precluded the plaintiff from recovery, for the reason that he ignored or violated a rule. A similar rule was in force in regard to both railway companies. The flag was put out, and it was the duty of the defendant and its employés to keep it there and to refrain from moving it until the work was finished, including the work necessary and proper to be done by plaintiff. No one else than defendant's employés had authority to move it. Plaintiff had seen it posted, and had the right to, and naturally would, assume that it would not be prematurely moved. He did not know that it had been taken away. He was not bound to anticipate that it would or might be moved and keep his eye upon it, and it was in fact moved by direction of defendant's foreman. The most that can be claimed of plaintiff's action was that he was guilty of negligence; that is to say, that in going under the car he failed to act under the surrounding conditions as an ordinarily prudent person would have done, and this issue was submitted. Defendant's employés having moved the flag prematurely without plaintiff's knowledge, it was defendant's duty to plaintiff to inform plaintiff of the fact or to operate its engines and cars upon that track in such manner as to exercise care to injure no one whose presence might have been expected in and about the car in question while the work of repair was in progress. We therefore overrule the said assignment.

The refused charge, which is the subject of the second assignment, was properly refused, for the reason that it would have, in effect, instructed the jury that it was the duty of plaintiff under the rule, and he could not recover unless before going under the car he posted the blue flag, which, if charged, would have eliminated the inquiry whether or not the circumstances were sufficient to excuse him from so doing.

The third assignment, concerning the refusal of a certain charge on assumption of risk, is overruled for the same reason.

Likewise the fourth assignment.

The fifth assignment is overruled, there being upon the facts no condition of fellow servant.

The sixth assignment complains of that part of the court's charge which stated: "But he does not assume the risks that may be brought about by the negligence of some other person than himself, unless he knew of such negligence, or in the ordinary discharge of his duties must necessarily have acquired knowledge of." The instruction was correct in its application to the facts of this case. It had reference to the negligence of defendant's employés who were not fellow servants with plaintiff.

The seventh assignment is that the court erred in charging: "You are instructed that it was the duty of defendant Atchison, Topeka & Santa Fé Railroad Company to exercise ordinary care to avoid injuring inspectors of the El Paso & Southwestern Railroad Company while engaged in the proper discharge of their duty upon its (defendant's) track." The proposition is: "That defendant owed the inspector no duty until its employés had knowledge of his presence upon its tracks, or that he was in a place of danger in violation of its rules requiring a blue flag to be posted upon its cars; and, in the absence of a blue flag so posted as required by the rule which was known to plaintiff and under which he worked, defendant had the right to presume that said rules were being complied with and that there was no

·danger to plaintiff, or any other inspector of a foreign road." The first part of this proposition might possess force if there had been no occasion to expect the inspector to be at the place. The second part might also have force if the circumstances were not such as the evidence shows them concerning the absence of the flag.

The eighth complains of an instruction which was a correct one under the circumstances in evidence in this case.

The ninth complains of this portion of the charge: "If you believe from the evidence that plaintiff knew that there was danger of cars being run down upon and into the cars he was inspecting ·by the defendant's servants by reason of there being no blue flag ·posted to give warning, or from any other reason, at the time he went under said car ·to inspect same, and that he appreciated the ·danger to himself, or should have appreciated the danger therefrom, but notwithstanding ·went under said car and ran the risk, then ·you are instructed that he in that case assumed the risk of being injured, and cannot recover, and, if you so believe the facts to ·be, your verdict will be for the defendant." The criticism is that it requires the jury to find, in order to find for defendant, that plaintiff knew that there was danger of cars ·being run down upon and into the car he was inspecting, and that he appreciated the danger therefrom, and the criticism is based upon the proposition thus expressed: "That the rules required plaintiff to post a blue flag whether he knew of the approach of a car or train or not, or whether he appreciated the danger to himself or not, and said rules admitted of no discretion on his part and prohibited any speculation on his part, but made it his duty in every case on every track on going under every car to either post the blue flag or see that same was posted for his protection." We are of opinion that, if plaintiff knew that there was no blue flag up ·at the time he went under the car, he could not recover, as it would be negligence on his part, and, viewed from the standpoint of risk, he would be held to have assumed the risk of the car he went under being run into.

However, we have read the testimony as it ·purports to be set forth fully in appellant's ·brief, and fail to find that there was any testimony showing or tending to show that ·plaintiff knew that the flag was not up at the ·time. He testified that he did not know it, and that he approached the car from the opposite direction from when he had seen it ·in the forenoon while the work was unfinished and acted upon the idea that it was still there, as required to be. There is nothing to show the contrary of this. In this ·condition of the evidence there was no issue ·of risk assumed by plaintiff growing out of the fact that he knew at the time the flag was not there. There was an issue as to ·whether or not he was negligent in going under the car without seeing to it that the flag was still there, ·but no issue as to whether or not he knew it was not there. Hence the instruction, if deemed erroneous, would not be cause for reversal as after all it gave defendant the benefit of a matter it was not entitled to.

The court instructed the jury to not consider the defendant's plea of release and payment based upon the release introduced in evidence for the reason that this defendant and the El Paso & Southwestern Railroad Company of Arizona and the El Paso & Southwestern Railroad Company of Texas, etc., were not joint tort-feasors. This charge is complained of, and also the refusal of a charge "that the receipt introduced by defendant showing a full settlement of plaintiff's cause of action with the several released companies therein mentioned is a full and complete settlement of his entire claim and cause of action, and that said receipt of itself contains no reservation as to any part of plaintiff's cause of action as a basis for this suit." The release, in substance, was of named corporations, other than defendant, from liability ·by reason of this injury to plaintiff and of any other cause or matter for the consideration of $215. The release recited that the payment was not to be construed as an acknowledgment of liability on the part of any of the named companies. Under appropriate pleading plaintiff testified that the payment was ·a gratuity. He stated: "I negotiated the question of that release with Mr. D. D. Willis, general claim agent of the El Paso & Southwestern System. When I signed that release, it was with the distinct understanding between Mr. Willis and myself that it did not debar me from bringing a cause of action against the Santa Fé Company for damages. He paid me $215. He said he gave me that as a gratuitous contribution as I had long been in the service of, the company. This $215 was not paid to me in any manner to compensate me for the injury to my foot and loss of my toes." The above was all the evidence on the subject. Following the case of El Paso & Southwestern Ry. Co. v. Darr, 93 S. W. 167, we conclude that the release did not operate to bar plaintiff's right to sue this defendant. There was nothing disclosed showing liability on the part of any of the companies named in the release for this occurrence, and they were not joint tort-feasors with defendant. The release negatives any admission of liability by reason of the payment of the $215, and, in connection with this, the testimony of plaintiff on the subject which was not contradicted in any way showed that it was a gratuity, and not intended as compensation for plaintiff's injury. However, it was on account of his injury that he received this payment, and to that extent we think plaintiff's recovery should be reduced, as was done in said case of Railway

v. Darr. Plaintiff consents to this in case we should take that view.

Judgment modified and affirmed.