*Let the case be entered on the docket.*

---

ARTHUR J. BLACKMER *v.* CHARLES E. McCABE AND WILLIAM TISDALE.

Special Term at Rutland, November, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed December 11, 1912.

*Joint Tortfeasors—Unsealed Discharge of One—Effect.*

A sealed release of one joint tortfeasor is a conclusive discharge of all; but an unsealed discharge of one will not operate as a discharge of all unless it appears that the payment made was received in full satisfaction.

TROVER for an automobile. Trial by jury at the June Term, 1912, Addison County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*J. B. Donoway* for the defendants.

*Charles I. Button* for the plaintiffs.

MUNSON, J. The two defendants, with one Bearor, and Smith, the plaintiff's chauffeur, took the plaintiff's automobile without his consent, and wrecked it by mismanagement. The defendants introduced in evidence a parol writing, by which the plaintiff, in consideration of fifty dollars paid by Bearor and

fifty dollars to be paid, agreed to release Bearor from all further expense by reason of such taking, upon an expressed understanding that the release was for only a part of the plaintiff's damages, and did not release his claim for compensation as against the other members of the party. It also appeared that the plaintiff had sued Smith in trover, and had received one hundred dollars from him as damages for the conversion, and had given him a parol receipt and agreement, which stated that the damages in the case were established at four hundred dollars, and that by reason of this payment the damages remaining unsatisfied, for which Smith remained holden, were reduced to two hundred dollars, and that the case was to be continued. Relying upon these writings, the defendants moved for the direction of a verdict.

The defendants make no contention regarding the general doctrines applicable to the discharge of joint tortfeasors, as set forth in several of our cases. See *Eastman* v. *Grant*, 34 Vt. 387; *Sloan* v. *Herrick*, 49 Vt. 327; *Dufer* v. *Boston & Maine Rd.*, 75 Vt. 165; *Robinson* v. *St. Johnsbury etc. R. R. Co.*, 80 Vt. 129. A release of one joint tortfeasor by an instrument under seal is a conclusive discharge of all, but an unsealed discharge of one will not operate as a discharge of all unless it appears that the payment made was received in full satisfaction. This case is not one of technical release, for the writings are not under seal. The writings do not acknowledge the receipt of full satisfaction, but affirm the contrary. Neither writing contains anything that imports a discharge of the cause of action. The first expressly reserves the right to proceed against the other delinquents. The second is without reservation, and speaks of the unpaid balance as something for which Smith remains holden. It is upon this feature of the case that the defendants base their claim. They contend that the only possible construction of this agreement is that the plaintiff holds Smith's promise to pay the balance, and accepts that promise in full satisfaction. It is said that this arrangement has the same force as if the plaintiff had accepted Smith's note in satisfaction of the unpaid balance. We think this position is untenable, and that the agreement, properly construed, leaves the plaintiff at liberty to proceed for unsatisfied damages against either Smith or the defendants. It was proper to submit the case to the jury.

*Judgment affirmed.*