On motion to dismiss appeal, submitted on briefs January 13, appeal dismissed January 19, rehearing denied February 23, 1915.

## STIRES v. SHERWOOD.*

(145 Pac. 645.)

**Release—Joint Tort-feasors—Release of One or More of Several Tort-feasors.**

1. Where a number of policemen sued for false imprisonment acted together with one common purpose in committing the acts complained of, an unconditional release of certain of the defendants from all liability, without any reservation of plaintiff's right of action against another defendant who refused to settle, discharged such other defendant, as plaintiff had but one cause of action for which he could have but one satisfaction, and, when it was unqualifiedly discharged as to anyone liable upon it, it was dead and he could not again enforce it.

[As to the release of one joint tort-feasor as affecting the liability of the others, see note in 92 Am. St. Rep. 872.]

**Appeal and Error—Dismissal of Appeal—Effect of Settlement.**

2. Where, pending an appeal from a judgment for defendants in an action for false imprisonment, plaintiff settled with defendants and executed a release, nothing was left for the Supreme Court's consideration but a mere academic question, and the appeal would be dismissed on motion.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by Harry Stires against Benjamin F. Sherwood and others for false imprisonment

---

*On the effect of release of one joint tort-feasor on the liability of the other, see note in 58 L. R. A. 293.          REPORTER.

There was a judgment for defendants and plaintiff appeals. Respondent now moves to dismiss the appeal.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).    APPEAL DISMISSED.

There was a brief submitted by *Mr. Henry A. Davis, Mr. Walter P. La Roche,* City Attorney, *Messrs. Platt & Platt, Messrs. Beach, Simon & Nelson* and *Messrs. Griffith, Leiter & Allen,* in support of the motion.

*Mr. Harold V. Newlin* and *Mr. John A. Jeffrey, contra.*

In Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

1. The defendants are composed of 14 members of the police force of the City of Portland and certain surety companies who subscribed their official bonds. The action is for false imprisonment. After reciting the appointment of the individual defendants and their several qualifications by filing a bond underwritten by the different surety companies mentioned, the complaint alleges that the defendant officers, while acting together in their capacity as patrolmen, but without any order, warrant or process of any court authorizing them to do so, arrested the plaintiff against his will on a pretended charge of having committed some felony, the nature of which was not disclosed to him, except by intimating to him that he was an opium smoker. The quality and extent of his subsequent imprisonment and discharge without any hearing are detailed in the complaint. Alleging damages in the

sum of $5,000, he demands judgment against all the defendants.

In their joint answer the defendants admit that the individual officers were acting together in the affairs of which complaint is made, and allege other things not necessary to be here mentioned.

The reply traversed the allegations of the answer. At a subsequent jury trial when the plaintiff rested his case, the court directed a nonsuit as to all the parties except two officers and their sureties, and at the end of all the evidence directed a verdict in favor of the remaining defendants. The plaintiff afterward appealed. The defendant Sherwood now moves for an order dismissing the appeal for the reason that the cause of action sued upon has been extinguished by the act of the plaintiff and there are no real issues to be determined upon the appeal. Appended to the motion is an affidavit of the attorney for the moving defendant reciting the history of the case and stating substantially that the plaintiff had settled with and discharged seven of the individual defendants with their surety company for $225, and six others and their underwriter for $200, for the injuries which he claimed to have suffered as stated in his complaint. Annexed to the affidavit as an exhibit is a copy of a written release of the six and their surety substantially as follows:

"Know all men by these presents, that I, Harry Stires, * * for and in consideration of the sum of $200 to me in hand paid by the National Surety Company, a corporation, * * and Lee Martin, A. L. Long, M. W. Lillis, Douglas Leisy, W. L. Miller and Enoch A. Slover, all of Portland, Oregon, the receipt whereof is hereby acknowledged, hereby release and forever discharge said National Surety Company and said Lee

Martin, A. L. Long, M. W. Lillis, Douglas Leisy, W. L. Miller and Enoch A. Slover, of and from all liability to me for, and on account of, and by reason of, the damages sustained by me on account of having been forcibly removed from my room in the Idora Hotel in the City of Portland and placed under arrest by the said (individuals, naming them) on the 22d, day of June, 1912, and from all claim, demand, right, or cause of action of whatever nature arising or to arise from, or on account of, my arrest on the 22d day of June, 1912, and on account of my imprisonment on the 22d, 23d, and 24th, and 25th days of June, 1912, it being the express intention of the undersigned, Harry Stires, to release the said (individuals, naming them) from any and all liability on account of the acts hereinbefore mentioned, which acts were performed by the aforesaid parties while they were acting as police patrolmen of the City of Portland, state aforesaid, and it also being the express intention of the undersigned, Harry Stires, to release, acquit, and forever discharge the said National Surety Company, said company being surety on the bonds of the aforesaid police patrolmen (naming them) at the time the undersigned was arrested and imprisoned as aforesaid. In witness whereof, I have hereunto set my hand and seal this 3d day of September, 1914.

"HARRY STIRES.    [Seal.]"

This instrument was executed under seal in the presence of two subscribing witnesses and acknowledged by Stires before a notary public. In a counter-affidavit plaintiff's attorney declares substantially that, after the judgment of the Circuit Court was rendered, he attempted to settle the whole controversy; but, as the defendant Sherwood and his surety refused to pay any sum whatever in discharge of plaintiff's claim, the affiant negotiated with the other defendants with the result stated above. He contends that he did not contemplate the entire satisfaction of plaintiff's claim,

but intended only to effect a partial release and satisfaction of the same. He appends copies of correspondence had between himself and the attorneys of the released defendants, too voluminous to reprint in full in an opinion.

It will be observed that there are no reservations or conditions in the release, the terms of which are admitted by the parties. On the face of that document, it is an absolute discharge of the parties named from all liability on account of the cause of action described in the complaint. The plaintiff alleges, and it is admitted by the defendants in their joint answer, that the parties who made the arrest and committed the other acts complained of in the complaint were acting together with one common purpose. The allegation and admission fixed the status of the defendant officers as joint tort-feasors, if they are at all to blame. The well-established rule of law is that the absolute discharge of one joint tort-feasor from liability on account of the alleged tort is a release of all the others. The reason of the precept is that the plaintiff has but one cause of action and can reap but one satisfaction.

There are some apparent variations from this doctrine. One is that an agreement not to sue one of the culpable parties is no bar to an action against the other. This depends upon the principle that joint tort-feasors are jointly and severally liable and that any individual against whom action is instituted cannot complain of the nonjoinder of his fellows. It can make no difference in principle whether the nonjoinder is a gratuity on the part of the plaintiff, or whether he has been moved to that course by monetary considerations. The authorities strongly support this apparent exception: *Bell* v. *Perry,* 43 Iowa, 368; *Texarkana Tel. Co.* v. *Pemberton,* 86 Ark. 329 (111 S. W. 257);

*Louisville Times Co.* v. *Lancaster,* 142 Ky. 122 (133 S. W. 1155); *Matheson* v. *O'Kane,* 211 Mass. 91 (97 N. E. 638, Ann. Cas. 1913B, 267, 39 L. R. A. (N. S.) 475); *Smith* v. *Dixie Park & Amusement Co.,* 128 Tenn. 112 (157 S. W. 900); *Robertson* v. *Trammell,* 98 Tex. 364 (83 S. W. 1098); *Robertson* v. *Trammell,* 37 Tex. Civ. App. 53 (83 S. W. 258).

It is also stated by some writers and judges that a partial settlement only may be effected without prejudice to the chose in action against the others, where one of the wrongdoers pays a valuable consideration to the plaintiff and secures from him a release when it is expressly agreed between the contracting parties that the discharge of the one shall not bar the action against the remaining defendants. In such cases, however, the amount paid extinguishes *pro tanto* the amount of damages otherwise recoverable from the other parties in subsequent litigation. The authorities favoring this proposition proceed upon the theory that the intention of the parties to the contract should govern where it is expressed in the terms of the stipulation between them. Supporting this view are such cases as *Atchison etc. Ry. Co.* v. *Classin* (Tex. Civ. App.), 134 S. W. 358; *St Louis, I. M. & S. Ry. Co.* v. *Bass* (Tex. Civ. App.), 140 S. W. 860; *J. Rosenbaum Grain Co.* v. *Mitchell* (Tex. Civ. App.), 142 S. W. 121; *Kropidlowski* v. *Pfister & Vogel Leather Co.,* 149 Wis. 421 (135 N. W. 839, 39 L. R. A. (N. S.) 509); *Blackmer* v. *McCabe,* 86 Vt. 303 (85 Atl. 113); *Edens* v. *Fletcher,* 79 Kan. 139 (98 Pac. 784, 19 L. R. A. (N. S.) 618). Others put it upon the principle that, considering together both the feature embodying the release and the reservation of right to pursue the remaining

75 Or.—8

wrongdoers, such an instrument is properly construed as a covenant not to sue the party discharged.

Many other authorities hold that an absolute discharge of one, although accompanied by the reservation of right to sue other defendants, still operates as a discharge of all of them. The teaching of these precedents is that the contracting parties have no right to give an effect to their stipulation prejudicial to the rights of other individuals, and that their reservation is simply void as contrary to the general effect and design of the document. This principle is supported by the following citations: *McBride* v. *Scott,* 132 Mich. 176 (93 N. W. 243, 102 Am. St. Rep. 416, 1 Ann. Cas. 61; 61 L. R. A. 445); *Ducey* v. *Patterson,* 37 Colo. 216 (86 Pac. 109, 119 Am. St. Rep. 284, 11 Ann. Cas. 393, 9 L. R. A. (N. S.) 1066); *Flynn* v. *Manson,* 19 Cal. App. 400 (126 Pac. 181); *Abb* v. *Northern Pac. Ry. Co.,* 28 Wash. 428 (68 Pac. 954, 92 Am. St. Rep. 864, 58 L. R. A. 293); *Dulaney* v. *Buffum,* 173 Mo. 1 (73 S. W. 125); *Burns* v. *Womble,* 131 N. C. 173 (42 S. E. 573); *Farmers' Savings Bank* v. *Aldrich,* 153 Iowa, 144 (133 N. W. 383); *Louisville & N. R. Co.* v. *Allen* (Fla.), 65 South. 8.

In the instant case, however, none of these departures from the original rule appear, and the mere mention of them is sufficient. The release of the contracting defendants is absolute and without reservation or condition. Counsel for the plaintiff contends that he has a right to show the circumstances under which the release was made for the purpose of interpreting that document. It is immaterial whether this contention is sound or not in the present case; for, giving to the affidavit for plaintiff and the appended correspondence full effect as matters of fact, the circumstances disclosed thereby are simply that he was endeavoring to

effect a settlement with all the defendants, one of whom with his surety was not willing to settle; whereupon for a valuable consideration paid to the plaintiff the latter released all the other defendants. Relying upon such decisions as that rendered by Mr. Chief Justice SHAW in *Dunbar* v. *Dunbar*, 71 Mass. (5 Gray) 103, the plaintiff contends for liberality in construing the effect of the release, but in that very opinion the learned jurist laid down the principle in this language:

"Where general words are used, and there is nothing in the instrument to limit them, the words, as in other instruments, are to be construed most strongly against the releasor."

The instrument in question is plain and simple in its structure, and its language must be construed according to the ordinary meaning. Indeed, there is no room for mere construction. The document speaks for itself and must be given effect according to its obvious terms. According to the practically unanimous voice of the precedents, unconditioned as it is, it operates to release all who were concerned in the case as defendants: *Mooney* v. *Chicago*, 239 Ill. 414 (88 N. E. 194) ; *Wallner* v. *Chicago Consol. Tract. Co.*, 245 Ill. 149 (91 N. E. 1053) ; *Horgan* v. *Boston Elev. Ry. Co.*, 208 Mass. 287 (94 N. E. 386) ; *Laughlin* v. *Excelsior Powder Mfg. Co.*, 153 Mo. App. 508 (134 S. W. 116) ; *Howard* v. *J. H. Harris Plumbing Co.*, 154 N. C. 224 (70 S. E. 285) ; *Peterson* v. *Wiggins*, 230 Pa. 631, 79 Atl. 767 ; *Sircey* v. *Hans Rees' Sons*, 155 N. C. 296 (71 S. E. 310) ; *Hubbard* v. *St. Louis & M. R. Co.*, 173 Mo. 249 (72 S. W. 1073) ; *Chicago Herald Co.* v. *Bryan*, 195 Mo. 574 (92 S. W. 902) ; *Rogers* v. *Cox*, 66 N. J. Law, 432 (50 Atl. 143) ; *Dufur* v. *Boston & M. Ry. Co.*, 75 Vt. 165 (53 Atl. 1068) ; *Allen* v. *Ruland*, 79 Conn. 405

(65 Atl. 138, 118 Am. St. Rep. 146, 8 Ann. Cas. 344);
*Snyder* v. *Mutual Tel. Co.,* 135 Iowa, 215 (112 N. W.
776, 14 L. R. A. (N. S.) 321); *Brewer* v. *Casey,* 196
Mass. 384 (82 N. E. 45); *Cleveland, etc., Ry. Co.* v.
*Hilligoss,* 171 Ind. 417 (86 N. E. 485, 131 Am. St. Rep.
258).

2. Anyone, whether culpable or not, may buy his
peace from an aggrieved suitor for a price, and this
will put a quietus upon any remedy against the person
paying the money, but it does not discharge the cause
of action as to remaining offenders. On the other
hand, if the complainant, for a valuable consideration,
unconditionally releases a single wrongdoer from the
cause of action, it operates to discharge all others con-
cerned jointly in the tort with the one released. In
short, while there may be many individuals whom a
plaintiff may sue or not as he chooses, although pos-
sibly influenced on that point by monetary considera-
tions moving from those who escape his litigation, yet
he has but one cause of action for which he can have
but one satisfaction; and when once it is unqualifiedly
discharged as to anyone liable upon it he can never
again enforce it. It is dead. A contrary rule would
allow an injured party to levy damages upon his sev-
eral adversaries in detail until he had reaped ample
satisfaction and even profit, and then to gamble for
more on the uncertainties of jury trials. It would thus
encourage litigation which the law abhors. The result
is an end of the controversy leaving for our considera-
tion a mere academic question. Under such circum-
stances, the practice is to dismiss the appeal on mo-
tion of the respondent: *Moores* v. *Moores,* 36 Or. 261
(59 Pac. 327); *Livesley* v. *Johnston,* 48 Or. 40 (84 Pac.
1044); *Thomas* v. *Booth-Kelly Co.,* 52 Or. 534 (97 Pac.

1078, 132 Am. St. Rep. 713); *State ex rel.* v. *Webster,* 58 Or. 376 (114 Pac. 932); *Dulaney* v. *Buffum,* 173 Mo. 1 (73 S. W. 125).

The appeal is dismissed.                    DISMISSED.