## STOREY v. BREEDMAN.

(Third Division.   Valdez.   April 22, 1916.)

No. 746.

RELEASE ⊚⇒29(4)—PARTIES—ACTIONS—TORTS.

Plaintiff brought suit to recover the value of furniture wrong-
fully taken from him by the defendant.   The latter answered that,
if liable, he was jointly liable with three other persons; that
the plaintiff had released them, whereby the defendant was also
released.   *Held*, the rule is, where one or more tort-feasors pays
a valuable consideration for a release from liability, the person
injured reserving the right to sue the other wrongdoers, the
amount paid by the party released extinguishes pro tanto the
amount of damages, but does not release the other wrongdoers
from liability.

Donohoe & Dimond, of Valdez, for plaintiff.

R. E. Capers, of Cordova, and Lyons & Ritchie, of Valdez,
for defendant.

BROWN, District Judge.   Defendant sets up as one defense
to this action that, if liable at all for the taking of the furni-
ture complained of by plaintiff, he was liable jointly with
several others, Dooley, Thisted, and Ross, who for a valuable
consideration were released by plaintiff, who agreed not to sue
them for the wrongful act, but in the agreement so releasing
said joint tort-feasors the plaintiff expressly reserved his right
of action against defendant Breedman.   This, the defendant
Breedman claims, operated as a release and discharge of him-
self as an alleged joint wrongdoer.   To this the plaintiff de-
murs, on the ground that the defendant's answer, setting up
said facts, does not state facts sufficient to constitute a de-
fense.

There seems to be considerable conflict in the authorities.
In the very recent case of Stires v. Sherwood et al., in the
Supreme Court of the state of Oregon, decided January 19,
1915, and found in 75 Or. 108, 145 Pac. 645, the court says:

"The well-established rule of law is that the absolute discharge of
one joint tort-feasor from liability on account of the alleged tort is
a release of all the others.   The reason of the precept is that the
plaintiff has but one cause of action and can reap but one satisfaction.

---

⊚⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There are some apparent variations from this doctrine. One is that an agreement not to sue one of the culpable parties is no bar to an action against the other. This depends upon the principle that joint tort-feasors are jointly and severally liable, and that any individual against whom action is instituted cannot complain of the nonjoinder of his fellows. It can make no difference in principle whether the nonjoinder is a gratuity on the part of the plaintiff, or whether he has been moved to that course by monetary considerations. The authorities strongly support this apparent exception. Bell v. Perry, 43 Iowa, 368; Texarkana Tel. Co. v. Pemberton, 86 Ark. 329, 111 S. W. 257; Louisville Times Co. v. Lancaster, 142 Ky. 122, 133 S. W. 1155; Matheson v. O'Kane, 211 Mass. 91, 97 N. E. 638, 39 L. R. A. (N. S.) 475, Ann. Cas. 1913B, 267; Smith v. Dixie Park & Amusement Co., 128 Tenn. 112, 157 S. W. 900; Robertson v. Trammell, 98 Tex. 364, 83 S. W. 1098; Id., 37 Tex. Civ. App. 53, 83 S. W. 258.

"It is also stated by some writers and judges that a partial settlement only may be effected without prejudice to the chose in action against the others, where one of the wrongdoers pays a valuable consideration to the plaintiff and secures from him a release, when it is expressly agreed between the contracting parties that the discharge of the one shall not bar the action against the remaining defendants. In such cases, however, the amount paid extinguishes pro tanto the amount of damages otherwise recoverable from the other parties in subsequent litigation. The authorities favoring this proposition proceed upon the theory that the intention of the parties to the contract should govern, where it is expressed in the terms of the stipulation between them. Supporting this view are such cases as Atchison, etc., Ry. Co. v. Classin (Tex. Civ. App.) 134 S. W. 358; St. Louis, I. M. & S. Ry. Co. v. Bass (Tex. Civ. App.) 140 S. W. 860; J. Rosenbaum Grain Co. v. Mitchell (Tex. Civ. App.) 142 S. W. 121; Kropidlowski v. Pfister & Vogel Leather Co., 149 Wis. 421, 135 N. W. 839, 39 L. R. A. (N. S.) 509; Blackmer v. McCabe, 86 Vt. 303, 85 Atl. 113; Edens v. Fletcher, 79 Kan. 139, 98 Pac. 784, 19 L. R. A. (N. S.) 618. Others put it upon the principle that, considering together both the feature embodying the release and the reservation of right to pursue the remaining wrongdoers, such an instrument is properly construed as a covenant not to sue the party discharged.

"Many other authorities hold that an absolute discharge of one, although accompanied by the reservation of right to sue other, defendants, still operates as a discharge of all of them. The teaching of these precedents is that the contracting parties have no right to give an effect to their stipulation prejudicial to the rights of other individuals, and that their reservation is simply void as contrary to the general effect and design of the document. This principle is supported by the following citations: McBride v. Scott, 132 Mich. 176, 93 N. W. 243, 61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Ann. Cas. 61; Ducey v. Patterson, 37 Colo. 216, 86 Pac. 109, 9 L. R. A. (N. S.) 1066, 119 Am. St. Rep. 284, 11 Ann. Cas. 393; Flynn v. Manson, 19 Cal. App. 400, 126 Pac. 181; Abb v. Nor. Pac. Ry. Co., 28 Wash. 428, 68

Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep. 864; Dulaney v. Buffum, 173 Mo. 1, 73 S. W. 125; Burns v. Womble, 131 N. C. 173, 42 S. E. 573; Farmers' Savings Bank v. Aldrich, 153 Iowa, 144, 133 N. W. 383; Louisville & N. R. Co. v. Allen [67 Fla. 257] 65 South. 8 [L. R. A. 1915C, 20]."

In my opinion the rule best sustained by reasons of common sense and justice is that where one of the wrongdoers pays a valuable consideration to the plaintiff and secures from him a release, and the one having the cause of action reserves the right to sue any joint wrongdoer not so released, the amount paid by the released joint wrongdoers extinguishes pro tanto the amount of damages otherwise recoverable from the other parties, in subsequent litigation. It seems eminently fair and just that if several parties, it may be without intentional wrong on their part, are held to be jointly liable for some tort; that one or more of them, less than the whole number, for reasons best known to themselves, may desire to be released from the expense and uncertainty of litigation and effect a settlement and compromise with the claimant, it certainly is in harmony with sound public policy that they should be permitted so to do. The claimant, on the other hand, ought not, in reason or justice, to be permitted to collect full compensation for his alleged injury from one joint tort-feasor, reserving his right of action against the others, and then proceed similarly until he has collected full compensation, it may be, a great many times. The evidence on the trial should disclose the probable amount of damages to which plaintiff is entitled and the amount which he has already received in satisfaction thereof.

The demurrer goes also to a few other separate defenses which it is not necessary here to consider. It is sufficient to state that under some circumstances the defenses set up might constitute a bar to plaintiff's recovery.

The demurrer will be overruled on all the grounds set up.